UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

·MARK L.NEFF #69244-026
USP TERRE HAUTE
P.O.BOX 12015
Terre Huate,IN 47801

VS.

BUREAU OF PRISONS,ET AL.,
4700 Bureau Road South
Terre Haute,IN 47801

CJ

Case: 1:07-cv-01672
Assigned To : Lamberth, Royce C.
Assign. Date : 09/21/2007
Description: FOIA/PRIVACY ACT

## COMPLAINT

I was sentenced under United States Sentencing Guidelines Manual
(USSG),after a second trial,to 252 months and five (5) years Super-
vised release. The Probation Officer,Kathy Bowman,cited in the Pre-
sentence Report that I was subject to the ARMED CAREER CRIMINAL ACT
('ACCA). Ms.Bowman cited the 1990 USSG Manual as applicable for deter-
mining the sentence. (EXHIBIT 1).

The United States Sentencing Commission (USSC) enactment Amendment
674,which became effective on Nov.1,2004. I obtained a used copy of
the 1990 USSG Manual to see if this amendment was applicable to me.

After reading the Statutory Index and Chapter Four,Section 4B1.4
is not contained within the 1990 USSG Manual.

I filed to the United States District Court,PEORIA DIVISION,for a
correction of the Pre sentence Report (PSR) and was denied.

I requested,pursuant to BOP Program Statement 5800.11,that UNIT
TEAM STAFF,Ms.RAY,by and through Mr.SHOEMAKER,contact the U.S.Probation
Office and inquire into my claim that the PSR is inaccurate,as my claim
is that two (2) different USSG Manuals were used to determine my sent-
ence. I submitted an attachment to my REQUEST FORM for my claim. See
(EXHIBIT 2).

On January 30,2007,Mr.Knappmeyer,Supervising U.S.Probation Officer,
responded to said request. Mr.Knappmeyer has fraudulently claimed that
the information in Paragraphs 17 and 26 is contained in the 1990 USSG
edition of the Manual. (EXHIBIT 2).

I then filed a REQUEST FORM to Ms.RAY stating that Mr.Knappmeyer's
reply is fraudulent and that I am requesting that it be rejected and

**RECEIVED**

AUG 3 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

and further review be conducted into my claim. I attached copies of
the 1990 USSG Manual's STATUTORY INDEX and CHAPTER FOUR showing her
that USSG §4B1.4 was not contained within the 1990 Manaual. She did
not desire to proceed further with my REQUEST and chose to accept Mr.
Knappmeyer's reply,despite being shown the STATUTORY INDEX from the
1990 Manual itself showing that this Guideline was not in this manual.
(EXHIBIT 3).

I then filed Administrative Remedy starting from the BP-8 through
the BP-11. At all stages,my claim to false information and request to
inquire into my claim,was rejected. My claim is that the BOP STAFF
has refused to conduct further inquiry into my claim despite me showing
them that Mr.Knappmeyer's claim is patently false by using the 1990
USSG Manual itself as support and verification. (EXHIBIT 4).

This is not a complex case issue. It's simple. Is Section 4B1.4 in
the 1990 USSG Manual,as Ms.Bowman and Mr.Knappmeyer claims it to be.
The answer is simple no. The 1990 USSG Manual proves it. By it being
claimed that it is and reliance on the reply from Mr.Knappmeyer claim-
ing it to be,constitutes BOP STAFF relying on obvious errors contained
in the PSR.

This is a typical case,where the truth is readily ascertainable.
I have made every attempt available to me to have this error corrected
and have been rebuffed at every stage.

The Defendants in this case,Mr.RICHARD CARROLL,DANIEL L.KNAPPMEYER
(UNITED STATES PROBATION OFFICERS,CENTRAL DISTRICT OF ILLINOIS),MS.RAY
(CASE MANAGER,USP TERRE HAUTE),MR.R.V.VEACH(WARDEN),MICHAEL K.NALLEY
(REGIONAL DIRECTOR) and MR.HARRELL WATTS(ADMINISTRATOR,NATIONAL INMATE
APPEALS),have all acted in concert to acknowledge the incorrect inform-
ation contained within the PSR and the BOP STAFF willfully declined to
ensure that the information contained within the PSR was legally correct
and that the information contained in the PSR is accurate.

I do request that a trial be held in this matter to determine the
issue of whether or not USSG §4B1.4 is contained in the 1990 USSG Man-
ual,and,if it is not,that all the defendants named herein be held for
monetary damages.

This complaint is filed under 5USC 552a(g)(1)(A) and 28 USC §1331(a).
The BOP Staff have willfully declined to ensure that the PSR is mater-
ially accurate and the information challenged is readily ascertainable

2

as to it (the claim of inaccurate information contained in Paragraph 26)
being true or not. In the case of the U.S.Probation Officers,Richard
Carroll and Daniel L.Knappmeyer,they are fomenting a fraudulent position
that the information in Paragraph 27 is from the 1990 USSG Manual. This
position is proved false by the 1990 Manaul itself after a review of the
STATUTORY INDEX. Mr.Knappmeyer,with approval from Mr.Carroll,has submitted
no less than three (3) letters to the BOP claiming that the information in
the PSR is from the 1990 Manual with the express intent to deceive BOP
Staff and deny me my 5TH Amendment right of due process. See(EXHIBIT 2),
    Mr.Knappmeyer's conduct constitutes fraud and criminal liability per
18 USC §1001.

## RELIEF SOUGHT

1.  That a ruling be made that reflects that the information contained
    in Paragraph 26 is not contained in the 1990 Manual and not in use
    during any offense committed on or about April 25,1991.

2.  That Defendant Ms.Ray,be held accountable for a monetary sum of
    $1,000.00 from 2/23/2007,until resolution of this case and to pay
    the cost of this action;

3.  That Defendant Mr.R.V.Veach,be held accountable for a monetary sum
    of $1,000.00 from 2/26/2007,until resolution of this case and to
    pay the cost of this action;

4.  That Defendant Mr.Michael K,Nalley,be held responsible for a mone-
    tary sum of $1,000.00 from 4/19/2007,until resolution of this case
    and to pay the cost of this action;

5.  That Defendant Mr.Harrell Watts,be held accountable for a monetary
    sum of $1,000.00 from 5/31/2007,until resolution of this case and
    to pay the cost of this action;

6.  That Defendant Mr.Richard Carroll,be held accountable for a mone-
    tary sum of $1,000.00 from 10/05/2007,until resolution of this
    case and to pay the cost of this action;

7.  That Defendant Daniel L.Knappmeyer,be held accountable for a mone-
    tary sum of $2,500.00 for each letter (10/05/06;10/16/06;and 01/30/
    07) wherein he commits a claim that is proved false;

8.  That Defendant Daniel L.Knappmeyer be held accountable for a mone-
    tary sum of $1,000.00 from 10/05/2006,until resloution of this case
    and to pay the cost of this action.

    I do request that I be afforded a trial in this matter if the defend-
ants herein deny  any claim presented and oppose the monetary damages I
have set forth herein.

Dated this 27ᵗʰ day of August,2007.

Respectfully submitted,

Mark L. Neff

Mark L. Neff,pro se.

3

Re: NEFF, Mark L.

this offense.    Therefore, the two-point adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 is not warranted.

**Offense Level Computation**

17. The 1990 edition of the <u>Guidelines Manual</u> has been used in this case.

18. **Base Offense Level:**    The guideline for an 18 U.S.C. § 922(g)(1) offense is found at U.S.S.G. § 2K2.1(a)(2), which provides for a base offense level of 12.                    <u>12</u>

19. **Specific Offense Characteristic:**    Pursuant to U.S.S.G. § 2K2.1(b)(2), if the firearm was stolen or had an altered or obliterated serial number, increase by two levels.    The firearm in this case had an obliterated serial number; therefore, the offense level is increased by two levels.                    <u>+2</u>

20. **Victim-Related Adjustments:**    There is no victim in the instant offense as defined in U.S.S.G. § 3A.    Therefore, no adjustment applies.                    <u>0</u>

21. **Adjustment for Role in the Offense:**    There is no role adjustment in the instant offense as defined in U.S.S.G. § 3B.    Therefore, no adjustment applies.                    <u>0</u>

22. **Adjustment for Obstruction of Justice:**    No adjustments apply under U.S.S.G. § 3C.                    <u>0</u>

23. **Adjusted Offense Level** (Subtotal):                    <u>14</u>

24. **Adjustment for Acceptance of Responsibility:**    The defendant has not demonstrated an affirmative acceptance of responsibility or recognition of personal responsibility for his criminal conduct; therefore, he is not given a two-level reduction pursuant to U.S.S.G. § 3E1.1.                    <u>0</u>

25. **Total Offense Level:**                    <u>14</u>

26. **Chapter Four Enhancements:**    Since the defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)(1) by way of having at least three prior felony convictions, he is an armed career criminal pursuant to U.S.S.G. § 4B1.4(a).    That section provides for an offense level of 33, pursuant to 'U.S.S.G. § 4B1.4(b)(3)(B).                    <u>33</u>

27. **Total Offense Level After Enhancements:**                    <u>33</u>

6

<u>Exhibit 1</u>



**U.S. Department of Justice**

Federal Bureau of Prisons

_____

*Federal Correctional Complex*
*4700 Bureau Road South*
*Terre Haute, Indiana 47802*

January 11, 2007

Mr. Rich Carroll,
Chief U.S. Probation Officer
Central District of Illinois
United States District Court
127 U.S. Courthouse
201 South Vine Street
Urbana, IL 61801

> RE: NEFF, Mark
> Reg. No. 09244-026
> Docket No. CR 91-30043-01

Dear Mr. Carroll:

The above named individual was sentenced in the Central District of Illinois, on August 5, 1994, to a 252-month sentence for Possession of a Firearm by a Felon. He is currently incarcerated at USP Terre Haute, IN.

Inmate Neff has brought it to our attention that his pre-sentence investigation may be incorrect. Specifically, he indicates that the information on page 6, paragraphs 17 and 26, comes from two separate USSG Manuals. Included with this letter is a document prepared by inmate Neff stating what he believes is incorrect in his pre-sentence investigation.

The Federal Bureau of Prisons is obligated to take reasonable steps to ensure that inmates' file material is correct. Inmate Neff has brought the above to our attention, therefore we are inquiring about any changes that may be needed. We request that you review the attached information and advise us if you believe changes are warranted and/or are forthcoming. We appreciate your time in assisting us with this matter.

Sincerely,

B. Shoemaker
Unit Manager

EXHIBIT 2 (8 pages)

BP-S148.055
SEP 98

**INMATE REQUEST TO STAFF** CDFRM

U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Unit Manager,Unit C-2 | DATE: January, 11, 2007 |
|---|---|
| FROM:  Neff,Mark L. | REGISTER NO.:  09244-026 |
| WORK ASSIGNMENT: Unassigned | UNIT:  C-2,cell #230/upper |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.)

This request for challenge of information is pursuant to P.S.5800.11(c). The PSR contains information on Page 6[¶'s 17 & 26] that come from two (2) separate USSG Manuals in violation of Art.1,§9 of the US Const. and USSG §1.B1.11(b)(1)(2).

I request that an inquiry be made to the address provided on the attached page for resolution to this challenge and that I be provided a copy of the Memorandum and attachments that were sent by mail or fax to the address provided,as instructed per P.S.5800.11(c).

Thank you. *Mark L. Neff*

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Attachment to BP-S148.055 INMATE REQUEST TO STAFF
Neff,Mark L.,#09244-026
*Neff. Mark L.*
Agency to contact: Richard J.Carroll,Chief Probation Officer
                   108 US Courthouse
                   100 E.Monroe St.,Suite 108
                   Springfield,IL 62701

I am challenging the accuracy of the Presentence Report(PSR) pursuant to
P.S.5800.11(c),INMATE CHALLENGE TO INFORMATION.

1.   The PSR contains information from two (2) separate Guidelines Manuals
in violation of Art.1,§9 of the US Const. and USSG §1B1.11(b)(1)(2).

2.   Page 6,¶17 of the PSR states that the 1990 USSG Manual was used in
     this case.

3.   At ¶26,under CHAPTER FOUR ENHANCEMENTS,the PSR lists 18 USC §924(e)(1)
     and USSG §4B1.4(b)(3)(B) as  applicable in determining the sentence.

                           CHALLENGE
1.   The information listed in ¶26 is challenged that neither statutory or
     Guideline cite is contained within the 1990 USSG Manual's STATUTORY
     INDEX(APP-A) as listed in ¶26.

                REQUIRED DOCUMENTATION FOR RESPONSE

1.   Response be made pursuant to Title 28 USC §1746;
2.   Copy of the 1990 USSG Manual's STATUTORY INDEX(APP-A); and
3.   Portion of Sentencing Transcript related to imposition of sentence.


cc: Unit Manager,Unit C-2
    file

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PROBATION DIVISION



RICHARD J. CARROLL
Chief U.S. Probation Officer

Please Reply To: Springfield

January 30, 2007

B. Shoemaker
Federal Correctional Complex
4700 Bureau Road South
Terre Haute, Indiana 47802

RE:   NEFF, Mark
Reg. No. 09244-026

Dear Sir or Madam:

In response to Mr. Neff's claim that Paragraphs 17 and 26 of his Presentence Report come from two different guideline manuals, I have enclosed a photocopy of Section 4G1.4 of the 1990 edition of the Sentencing Guidelines Manual.

I am unsure where Mr. Neff obtained his information.   This photocopy clearly shows that the Armed Career Criminal enhancement was part of the 1990 edition of the Sentencing Guidelines Manual, which was the only manual used to calculate his sentence.

As you can see from the enclosures, Mr. Neff has raised the argument before and I have responded on two previous occasions. Please inform Mr. Neff that he should refrain from sending us any further correspondence regarding this issue, as we have previously addressed his concerns.

Sincerely,

Daniel L. Knappmeyer
Supervising U.S. Probation Officer

DLK/mh

Enclosure

127 U.S. Courthouse
201 South Vine
Urbana 61802-3348
Tel: 217-373-5851
Fax: 217-373-5860

100 N.E. Monroe
Suite 314
Peoria 61602-1051
Tel: 309-671-7031
Fax: 309-671-7231

235 U.S. Courthouse
211 19th Street
Rock Island 61201-8074
Tel: 309-793-5784
Fax: 309-793-5879

108 U.S. Courthouse
600 East Monroe
Springfield 62701
Tel: 217-492-4215
Fax: 217-492-4218

§4B1.3.   **Criminal Livelihood**

> If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than 13, unless §3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11.

<em>Commentary</em>

*Application Notes:*

1.  *"Pattern of criminal conduct" means planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses.*

2.  *"Engaged in as a livelihood" means that (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (e.g., the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for his criminal conduct).*

*Background:  Section 4B1.3 implements 28 U.S.C. § 994(i)(2), which directs the Commission to ensure that the guidelines specify a "substantial term of imprisonment" for a defendant who committed an offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income.*

Historical Note:  Effective November 1, 1987.  Amended effective June 15, 1988 (see Appendix C, amendment 50); November 1, 1989 (see Appendix C, amendment 269); November 1, 1990 (see Appendix C, amendment 354).

§4B1.4.   **Armed Career Criminal**

(a)   A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.

(b)   The offense level for an armed career criminal is the greatest of:

   (1)   the offense level applicable from Chapters Two and Three; or

   (2)   the offense level from §4B1.1 (Career Offender) if applicable; or

   (3)   (A)   34, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or controlled substance offense, as defined in §4B1.2(1), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a)*; or

      (B)   33, otherwise.*

   *If §3E1.1 (Acceptance of Responsibility) applies, reduce by 2 levels.

November 1, 1990

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PROBATION DIVISION

RICHARD J. CARROLL
Chief U.S. Probation Officer



Please Reply To: Springfield

October 5, 2006

Mr. Mark L. Neff
Reg. No 09244-026
FCI - Greenville
100 U.S. Route 40 & 4th Street
P.O. Box 4000
Greenville, Illinois 62246

RE:   CHALLENGE TO PRESENTENCE REPORT

Dear Mr. Neff:

I am writing in regard to your request for correction to your Presentence Report prepared in 1994. You stated in your request that the Armed Career Criminal enhancement is not found in the 1990 edition of the Sentencing Guidelines Manual. I'm not sure where you obtained your information for this argument. I have enclosed a photocopy of this section, which was taken from the 1990 edition of the Sentencing Guidelines Manual. This page clearly shows that your argument is incorrect.

Sincerely,

Daniel L. Knappmeyer
Supervising U.S. Probation Officer

DLK/mh

Enclosure

cc:  Marta Santiago
     Case Manager

---

127 U.S. Courthouse
201 South Vine
Urbana 61802-3348
Tel: 217-373-5851
Fax: 217-373-5860

100 N.E. Monroe
Suite 314
Peoria 61602-1051
Tel: 309-671-7031
Fax: 309-671-7231

235 U.S. Courthouse
211 19th Street
Rock Island 61201-8074
Tel: 309-793-5784
Fax: 309-793-5870

108 U.S. Courthouse
600 East Monroe
Springfield 62701
Tel: 217-492-4215

§4B1.3.    **Criminal Livelihood**

If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than **13**, unless §3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than **11**.

*Commentary*

*Application Notes:*

1.    *"Pattern of criminal conduct" means planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses.*

2.    *"Engaged in as a livelihood" means that (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (e.g., the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for his criminal conduct).*

*Background*: *Section 4B1.3 implements 28 U.S.C. § 994(i)(2), which directs the Commission to ensure that the guidelines specify a "substantial term of imprisonment" for a defendant who committed an offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income.*

Historical Note:  Effective November 1, 1987.  Amended effective June 15, 1988 (see Appendix C, amendment 50); November 1, 1989 (see Appendix C, amendment 269); November 1, 1990 (see Appendix C, amendment 354).

§4B1.4.    **Armed Career Criminal**

(a)    A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.

(b)    The offense level for an armed career criminal is the greatest of:

(1)    the offense level applicable from Chapters Two and Three; or

(2)    the offense level from §4B1.1 (Career Offender) if applicable; or

(3)    (A)    **34**, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or controlled substance offense, as defined in §4B1.2(1), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a)*; or

(B)    **33**, otherwise.*

*If §3E1.1 (Acceptance of Responsibility) applies, reduce by **2** levels.

November 1, 1990

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PROBATION DIVISION

**RICHARD J. CARROLL**
Chief U.S. Probation Officer



Please Reply To: Springfield

October 16, 2006

Mr. Mark L. Neff
Reg. No 09244-026
FCI - Greenville
100 U.S. Route 40 & 4th Street
P.O. Box 4000
Greenville, Illinois 62246

                    RE:   RESPONSE TO LETTER DATED
                          OCTOBER 10, 2006

Dear Mr. Neff:

Unfortunately, you are mistaken.  I have enclosed photo copies from
the 1990 edition of the Sentencing Guidelines Manual, which clearly
shows that the Armed Career Criminal Enhancement was in effect at
the time your Presentence Report was written.

                          Sincerely,

                          Daniel L. Knappmeyer
                          Supervising U.S. Probation Officer

DLK/mh

Enclosure

cc:  Marta Santiago
     Case Manager

# INFORMAL RESOLUTION

NEFF, Mark                                              RESPONSE
Reg. No. 09244-026                                      BP-148

This is in response to your Informal Resolution (BP-8½) in which
you request the Bureau of Prison's to reject the response received
by the U.S. Probation Officer, Mr. Knappmeyer concerning your
Pre-Sentence Investigation (PSI).

The Bureau of Prisons' Operations Memorandum, 068-93 (5320),
Maintenance of Inmate Files, references the Seller vs. Bureau of
Prisons case, 959F.2d307(D.C.cir.1992).  The specific ruling in
that case states, "The agency must take responsible steps to
maintain the accuracy of the information to ensure fairness to
the individual." The Operations Memorandum further states, in a
situation like Sellers where the inmate challenged the
Presentence Report, Unit staff should not change the report, but
should inform the Probation Officer the report has been
challenged. If the Probation Officer confirms the information in
the report is inaccurate, staff should insert a note to that
effect in the file in order to ensure no decisions affecting the
inmate are based on the discredited information. Staff should
also request an updated Presentence report from the Probation
Officer."

A request was made to the U.S. Probation Office on your behalf,
asking them to review the areas which you indicated were
incorrect.  A response was received from the U.S. Probation Office
which indicated that your PSI was correct and no changes would be
made.  At this time, the Bureau of Prison's will not reject the
response received from Mr. Knappmeyer, U.S. Probation Officer.

This response to your request for Informal Resolution is for
informational purposes only.

*Response from MS. RAY, Case Manager, Housing
Unit C-2 received on 2/23/07.*

## EXHIBIT 3 (6 pages)

## U. S. PENITENTIARY/FEDERAL PRISON CAMP

### Terre Haute, Indiana

### INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative Remedy Procedure for Inmates, states "Inmates shall informally present their complaints to staff, and staff attempt to informally resolve any issue before an inmate files a request for Administrative Remedy."

In keeping with the spirit and intent of Bureau of Prisons Program Statement 1330.13, the following form shall be utilized by staff in attempting to informally resolve an inmate's complaint.

### ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM

**INMATE'S NAME:** NEFF,Mark L.    **REG. NO.:** 09244-026 **UNIT:** C-2,230U

**DATE/TIME COMPLAINT RECEIVED FROM INMATE:** _____

**NATURE OF COMPLAINT:** I requested correction of the Presentence Report pursuant to P.S.5800.11. The response from a Mr.Knappmeyer is contradictatory to legal documents and I disagree with his response and I submit this Remedy to further my challenge. I state that the Bureau should reject the response from Mr.Knappmeyer.

**ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT:** Filing this Remedy.

_____

_____

**THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION ATTEMPT:** P.S.5800.11(c);P.S.1330.13;and the Privacy Act.

_____

**INFORMAL RESOLUTION WAS ACCOMPLISHED:** _____
                                            **DATE**

**INMATE'S SIGNATURE:** _____
                    **SIGNATURE INDICATES INMATE'S ACCEPTANCE OF RESOLUTION**

Attachment to INFORMAL RESOLUTION FORM

Neff,Mark L.,#09244-026    *Mark L. Neff*

Dated: *February 12th*,2007.

    This filing is to show Bureau staff that the Presentence Report(PSR) does,in fact,contain information from two (2) separate USSG Manuals and to expose Mr.Knappmeyer's attempts to mislead Bureau staff in regards to the PSR.

    I request that Bureau staff reject Mr.Knappmeyer's responses as they are misleading and for his blatant attempts to conceal incorrect information in the Probation's agency record.

    Mr.Knappmeyer has submitted documents under the guise that they are 1990 USSG Manual pages,which I will show that they are actually documents from the amended 1991 USSG Manual.

    Mr.Knappmeyer's action reveals his attempt to cause Bureau staff to continue to rely on inaccurate information that has direct impact on my release from Bureau custody.

    I request that Bureau staff reject Mr.Knappmeyer's responses as being fraudulent and deceiving and that the Inmate Systems Management re-calculate my sentence without using the information contained in ¶26 of the PSR.

    I have made three (3) separate requests for resolution per P.S.5800. 11(c). Mr.Knappmeyer has responded to all three requests with fraudulent statements with the intent to mislead Bureau staff.

    I state the following in support for this filing:

    MR.KNAPPMEYER HAS THREE TIMES ATTEMPTED TO DECEIVE BUREAU STAFF GIVING BUREAU STAFF REASON TO REJECT HIS RESPONSES AS MISLEADING

FOR CLARIFICATION:    The 1990 USSG Manual covers offenses charged from Nov.1,1990 to Oct.31,1991. The amendments proposed by the Sentencing Commission on May 1,1991 are the 1990 amendments that would become effective on Nov. 1,1991. If any amendment were to be deemed retroactive,that amendment would be incorporated into USSG §1B1.10(c). If so done,that amendment would be retroactive back to 1987.

    I was indicted for Felon-in-possession on June 20,1991. This date is covered by the 1990 USSG Manual. The PSR verifies this fact. See ¶ 17.

    The 1990 manual's STATUTORY INDEX(APPENDIX-A) cites USSG §2K2.1 as the applicable guideline in determining the sentence Base Offense Level (BOL). Paragraphs 18 through 25 sets the BOL at 14. The PSR then calculated the Criminal History Category to be V. the Sentencing Table sets the sentencing range at 31-43 months. This is the only accurate information in the PSR concerning the sentence determination.

    The information contained in ¶26 is not found in the 1990 USSG Manual as Mr.Knappmeyer asserts it to be. Mr.Knappmeyer does acknowledge that the 1990 USSG Manual is the only to be used. See ¶2 of his January 30, 2007 response.

I will now show how Mr.Knappmeyer has three (3) times misled Bureau staff in regards to the information contained in ¶26 of the PSR.

## FIRST ACT OF DECEPTION

Mr.Knappmeyer filed his first response on Oct.5,2006.

He stated,"...you stated in your request that the Armed Career
Criminal enhancement is not found in the 1990 edition
of the Sentencing Guidelines Manual. I'm not sure where
you obtained your information for this argument. I HAVE
ENCLOSED A PHOTOCOPY OF THIS SECTION,WHICH WAS TAKEN
FROM THE 1990 EDITION OF THE SENTENCING GUIDELINES MANUAL."
(Emphasis added).

I have attached EXHIBITS 2 and 3 that are from the 1990 USSG Manual
that exposes Mr.Knappmeyer's response as fraudulent and an obvious
attempt to mislead Bureau staff to think that the attachment provided
by him came from the 1990 manual when,in fact,it came from the amended
1991 USSG Manual. Mr.Knappmeyer's intent is for Bureau staff to rely on
the information contained in ¶26.

## SECOND ACT OF DECEPTION

This response is dated Oct.16,2006.

He again attaches the page from the 1991 manual asserting that it
came from the 1990 manual.

EXHIBITS 2 and 3 clearly show that his attachment(s) did not come
from the 1990 manual.

## THIRD ACT OF DECEPTION

Mr.Knappmeyer really out does himself in his response dated Jan.30,
2007.

He attaches the coverpage along with a page contained within the 1991
manual attempting to pass them both off as coming from the 1990 manual
and even highlighting in green the coverpage.

I have attached EXHIBIT 1 to show what the authentic 1990 USSG Manual's
coverpage looks like.

In ¶1,he states,"In response to Mr.Neff's claim that Paragraphs 17
and 26 of his Presentence Report comes from two diff-
erent guideline manuals,I HAVE ENCLOSED A PHOTOCOPY
OF SECTION 4G4.4 OF THE 1990 EDITION OF THE SENTENCING
GUIDELINES." (Emphasis added).

EXHIBITS 2 and 3 clearly shows this statement to be fraudulent and as
an obvious attempt to mislead Bureau staff.

2

In ¶2,he states,"I am unsure where Mr.Neff obtained his information. THIS PHOTOCOPY CLEARLY SHOWS THAT THE ARMED CAREER ENHANCEMENT WAS PART OF THE 1990 EDITION OF THE SENTENCING GUIDELINES MANUAL,WHICH WAS THE ONLY MAN- UAL USED TO CALCULATE HIS SENTENCE."(Emphasis added).

EXHIBITS 2,3 and 4 clearly shows Mr.Knappmeyer's willful and inten- tional attempt to mislead Bureau staff by making these fraudulent state- ments that are easily exposed by the 1990 USSG Manual itself.
Mr.Knappmeyer's obvious intent is to cause Bureau staff to continue to rely on erroneous information contained in the PSR that is being used against me that has direct impact on my release date from Bureau custody.

In ¶3,he states,"AS YOU CAN SEE FROM THE ENCLOSURES,Mr.Neff has raised the Argument before and I have responded on two previous occassions."(Emphasis added).

and concludes by stating,"Please inform Mr.Neff that he should refrain from sending us any further correspondence regarding this issue,..."

Mr.Knappmeyer concludes by assuming Bureau staff will rely on his response and intends Bureau staff to do his bidding to tell me "[t]hat I should refrain from sending [] any further correspondence regarding this issue."

Mr.Knappmeyer has three (3) times wilfully and intentionally misled Bureau staff in regards to my challenge to the PSR's ¶26. He has made numerous fraudulent statements that that 1990 USSG Manual expose as such. He has provided photocopies of the 1991 manual passing them off as coming from the 1990 manual. EXHIBITS 1-3 clearly show that these photocopies are not from the 1990 manual. EXHIBIT 4 shows that two (2) USSG manuals were used to determine my sentence. The four (4) attached exhibits gives Bureau staff verification that Mr.Knappmeyer has intentionally misled and has intentions to cause Bureau staff to rely on the information in ¶26 to my detriment. Mr.Knappmeyer attempts Bureau staff to rely on this information that I have shown does not come from the 1990 manual and to cause Bureau staff responsible for a violation of the Privacy Act's re- quirement that all federal agencies records be accurate if used towards a determination against the person the record identifies.

## RELIEF REQUESTED

That Bureau staff reject the responses by Mr.Knappmeyer as it is obvious that he has wilfully misled Bureau staff in regards to the information contained in ¶26 of the PSR. Said information violates Art.I,§9 of the U.S.Const. and violates USSG §1B1.11(a)(b)(1) and is readily verified that the information subjects Bureau staff to account- ability under the Privacy Act.
And I request that Bureau staff re-calculate my sentence without use of ¶26. That I be immediately released from Bureau custody as the sentence is now expired.

## APPENDIX A - STATUTORY INDEX

### INTRODUCTION

This index specifies the guideline section or sections ordinarily applicable to the statute of conviction. If more than one guideline section is referenced for the particular statute, use the guideline most appropriate for the nature of the offense conduct charged in the count of which the defendant was convicted. If, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted. (See §1B1.2.)

If the offense involved a conspiracy or an attempt, refer to §2X1.1 as well as the guideline for the substantive offense.

For those offenses not listed in this index, the most analogous guideline is to be applied. (See §2X5.1.)

The guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction. (See §1B1.9.)

Historical Note: Effective November 1, 1987. Amended effective November 1, 1989 (see Appendix C, amendments 296 and 297).

### INDEX

| Statute | Guideline |
|---|---|
| 7 U.S.C. § 6 | 2F1.1 |
| 7 U.S.C. § 6b(A) | 2F1.1 |
| 7 U.S.C. § 6b(B) | 2F1.1 |
| 7 U.S.C. § 6b(C) | 2F1.1 |
| 7 U.S.C. § 6c | 2F1.1 |
| 7 U.S.C. § 6h | 2F1.1 |
| 7 U.S.C. § 6o | 2F1.1 |
| 7 U.S.C. § 13(a) | 2B1.1 |
| 7 U.S.C. § 13(b) | 2F1.1 |
| 7 U.S.C. § 13(c) | 2F1.1 |
| 7 U.S.C. § 13(e) | 2F1.2 |
| 7 U.S.C. § 23 | 2F1.1 |
| 7 U.S.C. § 87b | 2N2.1 |
| 7 U.S.C. § 136 | 2Q1.2 |
| 7 U.S.C. § 136j | 2Q1.2 |
| 7 U.S.C. § 136k | 2Q1.2 |
| 7 U.S.C. § 149 | 2N2.1 |

November 1, 1989

# APPENDIX A

| Statute | Guideline |
|---------|-----------|
| 18 U.S.C. § 876 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 877 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 878(a) | 2A6.1 |
| 18 U.S.C. § 878(b) | 2B3.2 |
| 18 U.S.C. § 879 | 2A6.1 |
| 18 U.S.C. § 892 | 2E2.1 |
| 18 U.S.C. § 893 | 2E2.1 |
| 18 U.S.C. § 894 | 2E2.1 |
| 18 U.S.C. § 911 | 2F1.1, 2L2.2 |
| 18 U.S.C. § 912 | 2J1.4 |
| 18 U.S.C. § 913 | 2J1.4 |
| 18 U.S.C. § 914 | 2F1.1 |
| 18 U.S.C. § 922(a)(1)-(5) | 2K2.3 |
| 18 U.S.C. § 922(a)(6) | 2K2.1 |
| 18 U.S.C. § 922(b)(1)-(3) | 2K2.3 |
| 18 U.S.C. § 922(d) | 2K2.3 |
| 18 U.S.C. § 922(g) | 2K2.1 |
| 18 U.S.C. § 922(h) | 2K2.1 |
| 18 U.S.C. § 922(i) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(j) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(k) | 2K2.3 |
| 18 U.S.C. § 922(l) | 2K2.3 |
| 18 U.S.C. § 922(n) | 2K2.1 |
| 18 U.S.C. § 923 | 2K2.3 |
| 18 U.S.C. § 924(c) | 2K2.4 |
| 18 U.S.C. § 929(a) | 2K2.4 |
| 18 U.S.C. § 930 | 2K2.5 |
| 18 U.S.C. § 1001 | 2F1.1 |
| 18 U.S.C. § 1002 | 2F1.1 |
| 18 U.S.C. § 1003 | 2B5.1, 2B5.2, 2F1.1 |
| 18 U.S.C. § 1004 | 2F1.1 |
| 18 U.S.C. § 1005 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1006 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1007 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1008 | 2F1.1, 2S1.3 |

November 1, 1989

1    [illegible]

2    [illegible]

3    [illegible]

4    [illegible]

5    [illegible]

6    [illegible]

7    Pursuant to the Sentencing Reform Act of 1984 and

8    the sentencing guidelines as amended November 1, 1991, it is

9    the judgment of the Court that you be committed to the

10   custody of the Bureau of Prisons to be imprisoned for a term

11   of 252 months, which is 21 years.  Based on your financial

12   profile, it does not appear that you have the ability to pay

13   a fine.  No fine is imposed.

14   Upon release from imprisonment, you shall be placed

15   on supervised release for a term of 5 years.  Within 72 hours

16   of release from the custody of the Bureau of Prisons, you

17   shall report in person to the probation office in the

18   district to which you are released.

19   While on supervised release, you shall not commit

20   any federal, state or local crimes.  You shall comply with

21   the standard conditions of supervised release as recommended

22   by the U.S. Sentencing Commission.  In addition to the

23   standard conditions of supervised release, the following

24   special conditions are imposed.

25   Number one:  You shall at the direction of the

EXHIBIT

Remedy ID #447638-F1

# Part B-Response

This is in response to your Request for Administrative Remedy wherein you state there are errors in your Presentence Investigation Report (PSI) and indicate that the response for the request for review, sent to the U.S. Probation Office, is false. You indicate that your Case Manager is relying upon the information provided by the U.S. Probation Office and you would like further action on your claim of errors relied upon in your PSI.

The Case Managers are to use the information provided to them from the PSI unless an addendum of the PSI is provided by the U.S. Probation Office. In addition, the administrative remedy process is used to assist inmates in remedying any issues or complaints which have not been rectified by any other means of communication. However, this process cannot provide you with an addendum to your PSI. This addendum must be provided by the U.S. Probation Office and the Federal Bureau of Prisons does not have any authority over U.S. Probation.

The Bureau of Prisons' Operations Memorandum, 068-93 (5320), Maintenance of Inmate Files, references the Seller vs. Bureau of Prisons case, 959 F.2d 307(D.C.Cir.1992). The specific ruling in that case states, "The agency must take responsible steps to maintain the accuracy of the information to ensure fairness to the individual." The Operations Memorandum further states, in a situation like Sellers where the inmate challenged the Presentence Report, Unit staff should not change the report, but should inform the Probation Officer the report has been challenged. If the Probation Officer confirms the information in the report is inaccurate, staff should insert a note to that effect in the file in order to ensure no decisions affecting the inmate are based on the discredited information. Staff should also request an updated Presentence report from the Probation Officer."

A letter, provided by your Case Manager, was sent to the U.S. Probation Office accompanied with your complaint of erroneous information on your Presentence Report. The U.S. Probation Officer replied to your concerns and indicated that your PSI is correct and no changes would be made. Therefore, in accordance with Operations Memorandum, 068-93, we forwarded to the Probation Department your allegations of inaccuracy pertaining to your Presentence Report. We requested they review your allegations and return to us their findings concerning these allegations. They confirmed that the information in the Presentence Investigation is accurate. As indicated above, the Federal Bureau of Prisons does not have the authority to amend your PSI. There will not be any other action into your claim of erroneous information contained in your PSI. Therefore, this response to your request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Gateway Complex, Tower II, 8th Floor, 4th & State Avenue, Kansas City, Kansas 66101. Your appeal must be received within 20 calender days of the date of this response.

_4·13·07_
Date

R. V. Veach, Warden

EXHIBIT 4  ( 6 pages)

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

32 D(11)

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | NEFF,MARK L. | 09244026 | C-2/230 | USPTHA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** I requested in challenged information in the PSR per P.S.5800.11 and a request was sent to the US Probation Office,to which,a Mr.Knappmeyer responded. His reply is proved false by the attachments I made to the BP-148 that was given to Ms.Ray, Case Mgr. of C-2,requesting that she reject his response. Ms.Ray has decided to rely on the response from Mr.Knappmeyer despite being prove false. This appeal folows.

My issue,if determined to be in error,should result in Unit Team staff iniating Discipline sanctions,BUT,if not,then I am requesting that the reply made by Mr.Knappmeyer be rejected and further review taken by Bureau staff to cause a correction to be made by the proper agency due to Bureau staff relying on inaccurate information that has direct influence on the calculation of my release date from Bureau custody.

This information is readily discernable to be fraudulent[SEE: Attached BP-148] and deals with factual information as opposed to "disagreement with certain information contained in the PSR". SEE:Toolasprashad v Bureau of Prisons,351 U.S.App.D.C.64(D.C.2002)(Reasonable reliance by some employees cannot immunize an agency from the Privacy Act consequences of employeeing other individuals who deliberately falsify records). Mr.Knappmeyer is deliberately making a fraudulent claim that is readily revealed in my BP-148. The information I am challenging is factual[Paragraph 26,PSR,page 6] and is causing an adverse determination to my sentence calculations. This is a 'typical' privacy act claim because the "truth" is clearly provable". SEE:SELLERS,(7) (959 F.2d at 311). I request further action on my claim.

| DATE 2/26/07 | M.Neff | SIGNATURE OF REQUESTER |
|---|---|---|

**Part B- RESPONSE**

*see attached*

| DATE | | WARDEN OR REGIONAL DIRECTOR |
|---|---|---|

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: #446558-19

**Part C- RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

3/31/07

| DATE | | |
|---|---|---|

USP LVN                    PRINTED ON RECYCLED PAPER                    RECIPIENT'S SIGNATURE (STAFF MEMBER)                    BP-229(13)
APRIL 1982

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Admin Remedy Number:**  447638-R1

This is in response to your Regional Administrative Remedy Appeal dated April 19, 2007, in which you allege there is inaccurate information in your Pre-sentence Investigation Report (PSIR).  You indicate that staff have failed to thoroughly investigate the inaccuracies and request that the discrepancies be corrected.

We have reviewed your appeal and determined the Warden's response thoroughly addresses your concerns.  Specifically, on January 11, 2007, staff sent a letter and an attached document from you to the U.S. Probation Office (USPO) in the Central District of Illinois regarding your allegations.  A letter dated January 30, 2007, was received from the USPO regarding your claim.  As indicated by the USPO, their office has been queried on two separate occasions regarding your allegation, and you should refrain from further correspondence regarding this issue.   You had an opportunity  to contest the information in your PSIR during your sentencing hearing.  Your amended PSIR has been adopted by the Court as written, and the Bureau of Prisons is not at liberty to deviate from the information contained in your PSIR.  Staff have taken all measures necessary to address your concern.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.  Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

5-21-07
Date

Michael K. Nalley, Regional Director

U.S. Department of Justice
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Neff ,Mark**                       09244-026          C2              USP TH
     LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A—REASON FOR APPEAL** USP TERRE HAUTE UNIT STAFF AND USP TERRE HAUTE Warden VEACH relys
continues to rely on a fraudulent reply from the US Probation Officer,Daniel Knappmeyer
concerning the Presentence report.
    I have showed through attached exhibits on my BP-8 and BP-9 that the information
in the PSR is inaccurate and the reply from Mr.Knappmeyer is fraudulent and still
the information I am challenging is being relied on as accurate and the reply is
being treated as true.
    As is being freely quoted,SELLERS causes the staff here to be held liable for
not ensuring the accuracy of the challenged information when I have showed them that
the information is incorrect.
    Because I have filed this issue under P.S.5800.11 and the Privacy Act,BOP staff
are accountable when they rely on inaccurate information when this information is
shown to be obviously incorrect.
    My BP-8 and BP-9 shows this to be true and I am requesting that a review be made
of my issue and that the reply by Mr.Knappmeyer be rejected as patently false and
that the staff here at USP TERRE HAUTE be instructed to ensure the accuracy of the
PSR and to take steps to notify the US Probation Officer,Mr.Richard Carroll and Mr.
Knappmeyer that their reply is being rejected as false and misleading.
_4/19/07_____
DATE                                                            SIGNATURE OF REQUESTER

**Part B—RESPONSE**

APR 2 3 2007

MAY 2 2 2007
DATE                                                    SEE ATTACHED        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE                                CASE NUMBER: _447638-R1_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____          _____          BP-230(13)
USP LVN          DATE          Previous editions not usable          SIGNATURE, RECIPIENT OF REGIONAL APPEAL          APRIL 1982

**Administrative Remedy No. 447638-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you contend your unit team relied upon incorrect information contained in the Presentence Investigation Report (PSIR), resulting in decisions having an adverse effect on your projected release date. You request staff to contest the information you have proven to be false.

We have reviewed the entire packet submitted regarding your appeal, and note you did not provide any information which specifically identified what information was incorrect and relied upon by case managers which would have an adverse effect on your release date. Secondly, you contend the USPO's response was incorrect as well. Again, you did not provide any information in support of this contention.

Pursuant to Program Statement 5800.11, Inmate Central File, inmates may challenge the accuracy of information in the central file, but are required to provide staff with sufficient information in support of a challenge. We do not have any information denouncing our belief staff made reasonable attempts to corroborate your claims regarding the accuracy of the information in the PSIR. Our information indicates staff considered your concerns and twice submitted inquiries to the USPO, even though previous results did not apparently favor the outcome you desired. We find staff complied with the directives of Program Statement 5800.11, and lacking specific evidence or information to the contrary, we do not find any reason to consider the matter further.

Accordingly, your appeal is denied.

August 7, 2007
Date

Harrell Watts, Administrator
National Inmate Appeals

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-ments must be submitted with this appeal.

From: NEFF Mark                09244-026        C-2            USPTH
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL** No action has been taken in regards of the PSR containing inaccurate information when I have shown by attached EXHIBITS TO THE BP-9 that the reply from the Prob. Officer, Donald Knappmeyer, is patently false and that Bop Staff have not acted on the information I provided them with in the BP-8. YES they contacted the Prob. Office, but they, unit Team of C2, The Warden Veach, nor the Regional Director, nor Michael K. Nalley have requested a response from the Prob. Off. Since my filing for remedy. Relying on a proven fraudulent response doesn't ~~immunize~~ insulate BOP Staff/Employees from liability in their individual capacity. READ SEIBERS. I request that BOP Staff be required to contact the Prob Office again to answer to the BP-8's information that shows the reply from the Prob. Officer to be fraudulent and that Steps be

DATE _____        SIGNATURE OF REQUESTER _____

**Part B—RESPONSE**

taken to ensure that the information being relied upon for the determination of my release date be accurate in accordance with the law.

5/31/07
DATE

Mark Neff
SIGNATURE OF REQUESTER

RECEIVED

JUN 06 2007

Administrative Remedy Section
Federal Bureau of Prisons

DATE _____        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE        CASE NUMBER: 447638-A1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

DATE _____        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                    BP-231(13)
                                                           APRIL 1982

DEFENDANTS ADDRESS:

1. RICHARD CARROLL,
Chief U.S. Probation Officer
Central District of ILLINOIS
127 U.S. CourtHouse
201 South Vine Street
Urbana, Illinois 61801

2. Daniel L. Knappmeyer
Supervising U.S. Probation Officer
108 US CourtHouse
600 East ~~Monroe~~ Monroe
Springfield, ILLINOIS 62901

3. MS. RAY
CASE MANAGER, C2
Federal Correctional Complex
4700 Bureau Road South
Terre Haute, IN 47802

4. WARDEN R. V. VEACH
Federal Correctional Complex
4700 Bureau Road South
Terre Haute, IN 47802

5. ~~Michael K. Natley
Regional Director
Federal Bureau of Prisons
400 State Avenue, Ste. 800
Kansas City, Kansas 66101-2492~~

6. Harrell Watts
Administrator, Nat. Appeals
320 First Street, NW
Washington, D.C. 20534

5. Michael K. Natley
REGIONAL DIRECTOR FBOP
GATEWAY Complex Tower II, 8th Fl.
4th and State Avenue
Kansas City, Kansas 66101

*1*
*07-1672*
*RCL*

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

**I (a) PLAINTIFFS**

Mark L. Neff

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

Pro Se (DC)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

# 09244-026

**DEFENDANTS**

BOP, et al.,

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-01672
Assigned To : Lamberth, Royce C.
Assign. Date : 09/21/2007
Description: FOIA/PRIVACY ACT

---

**II. BASIS OF JURISDICTION**
. (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☑ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☑ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

*3*

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 a (Privacy Act)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  **DEMAND $** $7,500  Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☒ NO  If yes, please complete related case form.

**DATE** 9/21/07  **SIGNATURE OF ATTORNEY OF RECORD** NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd