## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK L. NEFF,** ) | |
| ) | |
| **Plaintiff pro se,** ) | **C. A. No.: 07-1672 (RCL)** |
| ) | |
| **v.** ) | |
| ) | |
| **BUREAU OF PRISONS, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

## <u>DEFENDANTS' MOTION TO DISMISS</u>

Defendants Bureau of Prisons, Richard Carroll, Daniel Knappmeyer, Ms. Ray, R.V. Veach, Michael K. Nalley, and Harrell Watts, by and through undersigned counsel, hereby move for dismissal of all claims pursuant to 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. In support of this Motion, the Court is referred to the accompanying Memorandum of Points and Authorities attached hereto.

Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits may be accepted by the Court as true unless the Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein.[1] *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992).

---

[1]    Exhibits are attached and relied upon for the limited purpose of allowing the Court to determine whether it has subject matter jurisdiction over certain claims. It is well-established that such evidence may be used to challenge the Court's jurisdiction without converting the motion into one for summary judgment. *See Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947); *Herbert v. National Academy of Sciences*, 974 F.2d 192, 197-98 (D.C. Cir. 1992); *Haase v.*

Furthermore, should this Court treat Defendant's Motion to Dismiss as a Motion for Summary Judgment because of the documents attached, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (*pro se* party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

Respectfully submitted,

____/s_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


___/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

---

*Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *Bonterra America, Inc. v. Bestmann*, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); *Kuffel v. United States Bureau of Prisons*, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

___/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARK L. NEFF,** | ) | |
| | ) | |
| **Plaintiff pro se,** | ) | **C. A. No.: 07-1672 (RCL)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BUREAU OF PRISONS, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF  MOTION TO DISMISS

  The Plaintiff in this action is federal inmate Mark L. Neff, register number 09244-026

(hereinafter Plaintiff).  Plaintiff was sentenced in the Central District of Illinois on August 5, 1994

to a 253 month sentence for Possession of a Firearm by a Felon. Complaint, Exhibit 2 at 1.

Plaintiff is currently designated to serve his federal sentence at the United States Penitentiary in

Terre Haute, Indiana.  Plaintiff has a projected release date of December 11, 2012, via Good

Conduct Time Release.  *See* Exhibit A, Declaration of Michael S. Romano, Attachment 1, Public

Information Data.

  In this civil action, Plaintiff alleges that the Bureau of Prisons (BOP) failed to take proper

steps to correct inaccurate information in his Pre-sentence Investigation Report ("PSR").

Plaintiff's claim is  brought under the Privacy Act.   The Plaintiff also claims that the individually

named Defendants willfully declined to ensure that the information contained in the PSR was

accurate.  Plaintiff seeks monetary damages against the individually named Defendants[2] and seeks a ruling that his PSR contains inaccurate information.

The BOP has promulgated an administrative remedy system which is codified in 28 C.F.R. §§ 542.10, et seq., and BOP Program Statement (PS) 1330.13, Administrative Remedy Program.  The administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment.  To exhaust his remedies, an inmate must file an administrative remedy with the Warden, Regional Director, and General Counsel.

The Plaintiff has submitted requests through the BOP's Administrative Remedy Procedure in accordance with Title 28, Code of Federal Regulations, Section 542.10.  Plaintiff has exhausted the administrative remedies available to him.

Plaintiff's case should be dismissed because he fails to state a claim under a *Bivens* theory of law; Defendant BOP has properly taken steps to assure accuracy of information in Plaintiff's PSR; and the BOP Inmate Central Records System is exempt from amendment under the Privacy Act.

**I.    STANDARD OF REVIEW**

**A.  Dismissal Under 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a plaintiff has stated a claim upon which relief can be granted.  *Scheuer v. Rhodes*, 416 U.S. 232,

---

[2] None of the individual Defendants were served in their individual capacities (Docket #'s 7 and 8), and Plaintiff has not established personal jurisdiction over those defendants located outside of the District of Columbia (Carroll, Knappmeyer, Ray, Veach, and Nalley). Plaintiff bears the burden of establishing that personal jurisdiction may be exercised over a named defendant.  See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 785 (D.C. Cir. 1983).

236 (1974), *overruled on other grounds, Harlow v. Fitzgerald*, 457 U.S. 800 (1982). In deciding

a motion to dismiss under Rule 12(b)(6), the court is bound to consider all well-pleaded facts as

true, and to draw all reasonable inferences in favor of the nonmovant. *Scheuer*, 416 U.S. at 236;

*U.S. ex. rel. Harris*, 275 F. Supp.2d 1, 5 (D.D.C. 2003). On a motion to dismiss for failure to

state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a

claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (clarifying the

standard from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also In re Sealed Case*, 494 F.3d

139, 145 (D.C. Cir. 2007) (citing *Twombly*). Hence, the focus is on the language in the complaint,

and whether that language sets forth sufficient factual allegations to support plaintiff's claims for

relief.

**B. Dismissal Under 12(b)(1)**

In making determinations on a motion to dismiss under Fed. R. Civ. P. 12(b)(1), Plaintiff

clearly bears the burden of establishing subject matter jurisdiction, *Miller v. United States*, 710

F.2d 656, 662 (10th Cir.), *cert. denied*, 464 U.S. 939 (1983); *Baird v. United States*, 653 F.2d 437,

440 (10th Cir. 1981), *cert. denied*, 454 U.S. 1144 (1982), as well as the burden of establishing

personal jurisdiction over the individually named Defendants. *Dickson v. United States*, 831 F.

Supp. 893, 896-897 (D.D.C. 1993), *aff'd* 48 F.3d 562 (D.C. Cir. 1995). Requests for dismissal for

lack of subject matter jurisdiction pursuant to 12(b)(1) require a similar standard of review as

those for failure to state a claim. A court may resolve a motion to dismiss for lack of subject

matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion

based solely on the complaint. *Herbert*, 974 F.2d at 197. Alternatively, to determine the

existence of jurisdiction, a court may look beyond the allegations of the complaint, consider

affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. *See id.*[3]

Applying these standards here demonstrates that Plaintiff's Complaint should be dismissed

in its entirety. Plaintiff fails to establish a right to relief even when the facts as he alleges them are

accepted as true.[4] Accordingly, Plaintiff's Complaint should be dismissed.

## II.    PLAINTIFF HAS FAILED TO MAKE A PRIVACY ACT CLAIM FOR MONEY DAMAGES OR FOR AMENDMENT OF HIS RECORDS

Some history is appropriate to explain how it has come that there is no longer a viable

claim for damages under the Privacy Act for alleged inaccuracies in BOP's Inmate Central

Records.[5] Thus, a brief overview of the Privacy Act is warranted. See generally *Henke v. United*

*States Department of Commerce*, 83 F.3d 1453, 1456-57 (D.C. Cir. 1996). The Privacy Act, 5

U.S.C. § 552a, governs federal agencies' maintenance of records pertaining to individuals. A

"record" within the meaning of the Act refers to information that is "about an individual," that is

maintained within a "system of records" of an agency, and that is retrieved from that system

through use of a person's name or other personal identifier. 5 U.S.C. § 552a(a)(4), (a)(5).

---

[3]    It is well-established that when a defendant challenges the substance of jurisdictional allegations, it may introduce evidence to test those allegations without converting the motion into one for summary judgment. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Herbert v. National Academy of Sciences*, 974 F.2d 192, 197-98 (D.C. Cir. 1992); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *Bonterra America, Inc. v. Bestmann*, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); *Kuffel v. U.S. Bureau of Prisons*, 882 F. Supp. 1116, 1120 (D.D.C. 1995); *see also* 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

[4]    Defendant, of course, does not concede that the factual allegations in the Amended Complaint are true and in fact would dispute many of them if this matter could survive.

[5]    The records system has been properly published in the Federal Register. See 49 Fed. Reg. 23711 (June 7, 1984) (JUSTICE/BOP-005 Inmate Central Records System) (including, inter alia,(1)Computation of sentence and supporting documentation).

Among its proscriptions, the Act provides, generally, that each agency that maintains a system of records shall "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness . . .;" and where a determination is made which is adverse to the individual, the individual may, under certain circumstances, bring a civil action and recover "actual damages sustained," costs and reasonable attorney fees. See 5 U.S.C. § 552a(g)(1)(D), (g)(4).

By January 2003, however, BOP had exempted its records from the relevant damages provisions of the Privacy Act. See 28 C.F.R. §§ 16.97(a) and (j); 67 Fed. Reg. 51754 (Aug. 9, 2002). BOP had earlier exempted those records from the amendment provisions. *See Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992); 28 C.F.R. § 16.97(a). But, as set forth in greater detail below, BOP expanded the exemption under 5 U.S.C. § 552a(j).[6]

The Privacy Act allows for an agency to exempt itself from various provisions of the Privacy Act. See 5 U.S.C. § 552a(j). And this, the Bureau of Prisons has done. In fact, the

---

[6] Under this provision, "[t]he head of any agency may promulgate rules, in accordance with the requirements (including general notice) of sections 553(b)(1),(2), and (3), (c), and (e) of this title, to exempt any system of records within the agency from any part of this section except subsections(b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (I) if the system of records is . . . (2) maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . the activities of . . . correctional . . . authorities, and which consists of (A)information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (c) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision. 5 U.S.C. § 552a(j)."

agency had adopted a rule to exempt the relevant records from the damages provision well before

2002.  See 28 C.F.R. 16.97(a) (1997) (exempting BOP records systems from 5 U.S.C. § 552a(g)).

The Court of Appeals, however, had addressed the ability of an agency to exempt itself from the

civil remedies provision when it was not exempted from the substantive provision of the Act.  *See*

*Tijerina v. Walters*, 821 F.2d 789 (D.C. Cir. 1987) (rejecting the Veterans Administration's claim

of exemption from damages where it was not exempt from the Act's limitations on disclosure).

Then, in 2002, BOP exempted the relevant record system from, inter alia, the substantive

accuracy provision, outlining the agency's reasons:

Exemptions from the particular subsections are justified for the following reasons:

(1) From [5 U.S.C. § 552a] subsection (e)(1) to the extent that the Bureau may

collect information that may be relevant to the law enforcement operations of other

agencies.  In the interests of overall, effective law enforcement, such information

should be retained and made available to those agencies with relevant

responsibilities.

 (2) From [5 U.S.C. § 552a]  subsection (e)(5) because in the collection and maintenance

of information for law enforcement purposes, it is impossible to determine in advance

what information is accurate, relevant, timely and complete.  Data which may seem

unrelated, irrelevant or incomplete when collected may take on added meaning or

significance during the course of an investigation or with the passage of time, and could be

relevant to future law enforcement decisions.  In addition, because many of these records

come from the courts and other state and local criminal justice agencies, it is

administratively impossible for them and the Bureau to ensure compliance with this

6

provision.  The restrictions of subsection (e)(5) would restrict and delay trained

correctional managers from timely exercising their judgment in managing the inmate

population and providing for the safety and security of the prisons and the public.

67 Fed. Reg. 51754 (codified at 28 C.F.R. § 16.97(j) (exempting the Bureau of Prisons Inmate

Central Records System from 5 U.S.C. § 552a(e)(1) and (5) pursuant to 5 U.S.C. § 552a(j))) .

Accordingly, there was no ability to maintain a civil remedy under 5 U.S.C. § 552a(g)

against the BOP for an inaccuracy in its records after August 9, 2002.  See 28 C.F.R. § 16.97(a),

(j).  There was already no ability under the Privacy Act to secure amendment of the records at

issue.  See *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998)

(finding BOP records exempt from amendment provisions);  and *Deters v. United States Parole*

*Commission*, 85 F.3d 655 (D.C. Cir. 1996).[7]    Now a damages remedy is not available either.

Plaintiff, therefore, can neither receive money damages or amendment of his records through this

action filed under the Privacy Act. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624

(D.C.Cir. 2006).

---

[7]  The Court of Appeals has reiterated this conclusion in the constitutional arena:

> [W]e affirm the district court's dismissal of appellant's constitutional claims based
> on the BOP's alleged maintenance and use of inaccurate information because such
> claims are encompassed within the Privacy Act's comprehensive remedial scheme.
> *See Chung v. United States Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003);
> *cf. Bush v. Lucas*, 462 U.S. 367, 368, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983)
> (courts should not fashion independent Bivens remedy for alleged constitutional
> violations where Civil Service Reform Act provides a comprehensive statutory
> scheme for such claims).

*Griffin v. Ashcroft*, No. 02-5399, 2003 WL 22097940, *1-*2 (D.C. Cir. Sept. 3, 2003) .

### III.    THE DEFENDANT BOP TOOK REASONABLE STEPS TO MAINTAIN ACCURACY OF INFORMATION IN PLAINTIFF'S PRESENTENCE INVESTIGATION REPORT

Under *Sellers v. Federal Bureau of Prisons*, 959 F.2d 307 (D.D.C. 1992), decided prior to BOP exempting itself from the accuracy provisions of the Privacy Act,  the court noted that the BOP was not meeting the requirements under the Privacy Act by merely noting in its files that an inmate disputed information contained in his Presentence Investigation Report. *Sellers*, 959 F.2d at 312.  For agencies that have not exempted themselves from its accuracy provisions, the Privacy Act provides a remedy for damages when an agency "willfully or intentionally failed to maintain [an individual's] records" in an accurate manner. *Id.*  As such, reasonable steps must be taken to verify the accuracy of the information. *Id.*

As stated above, the BOP has exempted itself from the accuracy provisions of the Privacy Act.  But even if it had not, the Defendant BOP has made reasonable attempts to verify the accuracy of the information contained in the Plaintiff's Presentence Investigation Report in accordance with Program Statement 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files, (pgs.19-20).  The Plaintiff's Unit Team contacted the United States Probation Office to verify the accuracy of the information contained in the Presentence Report.  A letter dated January 11, 2007, was sent to the U.S. Probation Office for the Central District of Illinois, indicating that Plaintiff claimed there was an error in his PSR.  *See* Declaration of Brandi Ray, Attachment 1.   A response from the United States Probation Office  dated January 30, 2007, was received by the Unit Team indicating that Plaintiff's claim that his PSR was in error had been addressed on two prior occasions.  The Probation Office indicated that the information in his PSR

8

was accurate. *See* Declaration of Brandi Ray, Attachment 2. As such, the BOP had obtained

assurances from the United States Probation Office that the disputed information was true and

accurate.

The BOP, therefore, has made reasonable efforts, as required under *Sellers*, to verify the

accuracy of the information contained in the Presentence Investigation Report. The BOP acted

reasonably in seeking assurances the information was accurate. When these assurances were

provided by the United States Probation Office, the BOP properly relied upon this information.

*Martinez v. Bureau of Prisons* at 624 ("...the record shows that the BOP provided a reasonable

explanation for its refusal to correct its records as appellant requested. The BOP contacted the

USPC and the USPO and was advised that the BOP's records regarding appellant were accurate.")

## IV.    PLAINTIFF FAILS TO STATE A CLAIM PURSUANT TO A *BIVENS* THEORY OF LAW AND ALL INDIVIDUALLY NAMED DEFENDANTS SHOULD BE DISMISSED FROM THIS MATTER

Several district courts have held that the Privacy Act's remedies preclude an action against

individual employees for damages under the Constitution in a "Bivens" suit. *See*, e.g., *Sullivan v.*

*United States Postal Serv.*, 944 F. Supp. 191, (W.D.N.Y. 1996); *Hughley*

*v. Hawks*, 1997 WL 362725 (C.A.D.C. 1997); *Blazy v. Woolsey*, 1996 WL 43554, (D.D.C.1996):

*Williams v. VA*, 879 F. Supp. 578 (E.D. Va. 1995); *Mangino v. Department of the Army*, 1994 WL

477260 (D. Kan. 1994); *Mittleman v. United States Treasury*, 773 F. Supp. 442, 454 (D.D.C.

1991).

Plaintiff's complaint individually names two probation officers, a case manager, a warden,

a regional director, and an administrator as defendants in this Privacy Act suit. He specifically

alleges that two different sentencing guideline manuals are cited in his Pre-sentence Report (PSR),

and that BOP and the above named defendants "willfully declined to ensure that the information

contained within the PSR was correct." Complaint at 2.

When an extensive and detailed process, such as that provided by the Privacy Act, is

available to requesters under FOIA, courts have concluded that a *Bivens*-type remedy is not

appropriate. *See Spagnola v. Mathis,* 859 F.2d 223, 228 (D.C.Cir.1988) (*en banc* ) (no *Bivens*

remedy available if a statute provides a "comprehensive system to administer public rights").

Furthermore, to the extent plaintiff seeks to hold any individual government employee liable,

individuals are not proper parties to civil actions under FOIA and the Privacy Act. *See Martinez v.*

*Bureau of Prisons* at 624 ("First, the district court properly dismissed the named individual

defendants because no cause of action exists that would entitle appellant to relief from them under

the **Privacy Act** or FOIA. *See Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 657 (D.C.Cir.1996); 5

U.S.C. 552a(g)(1) (same); *see also Petrus v. Bowen*, 833 F.2d 581 (5th Cir.1987). Both statutes

concern the obligations of agencies as distinct from individual employees in those agencies.")

*Stone v. FBI,* 816 F.Supp. 782, 785 (D.D.C.1993) (individual employees of the federal

government are not subject to suit under FOIA); *Armstrong v. Bureau of Prisons,* 976 F.Supp. 17,

23 (D.D.C.1987), *aff'd,* 1998 WL 65543 (D.C.Cir. Jan.30, 1988) (Privacy Act does not allow civil

actions for damages against individuals).

In addition, Plaintiff's allegation that the individual Defendants willfully declined to

ensure that the information contained in his PSR was accurate does not implicate any

constitutionally protected rights.  Further, Defendants Veach, Nalley, and Watts  had supervisory

roles only in this matter and the claims against them should be dismissed as the theory of

respondeat superior does not apply in a Bivens claim. *Simpkins v. District of Columbia*, 108 F.3d

366, 369 (D.C.Cir.1997)  *See* Declaration of R.V. Veach,  Declaration of Michael Nalley, and

Declaration of Harrell Watts.

CONCLUSION

Defendants, therefore, move that Plaintiff's Complaint be dismissed.

Respectfully submitted,

___/s /_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

__/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by first class mail, postage prepaid upon plaintiff pro se,

Mark Neff
R09244-026
P.O. Box 33
Terre Haute, IN 47808

this 28th day of March, 2008.

_____//_____
_____ASSISTANT UNITED STATES ATTORNEY

12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK L. NEFF,                            )
                        Plaintiff,       )
                                         )
        v.                               )        Case No. 07-1672 (RCL)
                                         )
BUREAU OF PRISONS, ET AL                 )
                        Defendants.       )

_____

## DECLARATION OF MICHAEL S. ROMANO

1.      I am currently employed by the Federal Bureau of Prisons (hereafter "BOP"), and

assigned to the Federal Correctional Complex, Terre Haute, Indiana (hereafter "FCC Terre Haute").

I began employment with the BOP in 1991 as a Correctional Officer and was in that capacity

through 2000. I returned to the Bureau of Prisons in May, 2006, as an Attorney Advisor. I remain

in the capacity of Attorney Advisor assigned to FCC Terre Haute. As a part of my duties and

responsibilities, I have access to inmates' records, electronic data maintained on the BOP's SENTRY

computer system, Administrative Remedy data, BOP Program Statements, and PACER. I certify

that the Attachments referenced herein are true and accurate are true and correct to the best of my

knowledge.

2.      The Plaintiff in this action is Mark L. Neff, Federal Register No. 09244-026, who is

currently confined at the United States Penitentiary (USP) , Federal Correctional Complex (FCC),

Terre Haute, Indiana. The Plaintiff was sentenced in the United States District Court, Central

District of Illinois,  to two hundred fifty-two (252) months incarceration for Possession of an

Unregistered Firearm  The Plaintiff has a projected release date of December 11, 2012, via Good

Conduct Time Release.**See Attachment 1-Public Information Inmate Data sheet.**

I declare under penalty of perjury pursuant to 28, United States Code, Section 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 22 day of January, 2008.

Michael S. Romano
Attorney Advisor
FCC Terre Haute

# ATTACHMENT 1

```
   THAO5          *         PUBLIC INFORMATION          *      01-14-2008
PAGE 001          *             INMATE DATA             *      10:10:08
                                AS OF 01-14-2008

REGNO..: 09244-026 NAME: NEFF, MARK L

                    RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 812-244-4400    FAX: 812-244-4789
                                             RACE/SEX...: WHITE / MALE
                                             AGE: 40
PROJ REL MT: GOOD CONDUCT TIME RELEASE       PAR ELIG DT: N/A
PROJ REL DT: 12-11-2012                      PAR HEAR DT:
------------------------- ADMIT/RELEASE HISTORY -------------------------

FCL    ASSIGNMENT DESCRIPTION                 START DATE/TIME STOP  DATE/TIME

THP    A-DES      DESIGNATED, AT ASSIGNED FACIL 12-01-2006 1420 CURRENT
5-Q    RELEASE    RELEASED FROM IN-TRANSIT FACL 12-01-2006 1420 12-01-2006 1420

5-Q    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 12-01-2006 1140 12-01-2006 1420

GRE    TRANSFER   TRANSFER                     12-01-2006 1040 12-01-2006 1040

GRE    A-DES      DESIGNATED, AT ASSIGNED FACIL 06-22-2000 0657 12-01-2006 1040

5-A    RELEASE    RELEASED FROM IN-TRANSIT FACL 06-22-2000 0757 06-22-2000 0757

5-A    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-22-2000 0440 06-22-2000 0757

THA    HLD REMOVE HOLDOVER REMOVED             06-22-2000 0340 06-22-2000 0340

THA    A-DES      DESIGNATED, AT ASSIGNED FACIL 10-19-1994 1300 06-22-2000 0340

A02    RELEASE    RELEASED FROM IN-TRANSIT FACL 10-19-1994 1400 10-19-1994 1400

A02    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-19-1994 0650 10-19-1994 1400

ERE    HLD REMOVE HOLDOVER REMOVED             10-19-1994 0550 10-19-1994 0550

ERE    A-HLD      HOLDOVER, TEMPORARILY HOUSED  10-12-1994 1835 10-19-1994 0550

4-D    RELEASE    RELEASED FROM IN-TRANSIT FACL 10-12-1994 1935 10-12-1994 1935

4-D    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-12-1994 1237 10-12-1994 1935

OTV    HLD REMOVE HOLDOVER REMOVED             10-12-1994 1237 10-12-1994 1237

OTV    A-HLD      HOLDOVER, TEMPORARILY HOUSED  10-04-1994 1801 10-12-1994 1237

4-D    RELEASE    RELEASED FROM IN-TRANSIT FACL 10-04-1994 1801 10-04-1994 1801

4-D    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-04-1994 1759 10-04-1994 1801

NER    HLD REMOVE HOLDOVER REMOVED             10-04-1994 1759 10-04-1994 1759

NER    A-STCONCUR STATE CONCURRENCY CASE       10-04-1994 1333 10-04-1994 1759

I-T    RELEASE    RELEASED FROM IN-TRANSIT FACL 10-04-1994 1333 10-04-1994 1333

I-T    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-25-1994 0530 10-04-1994 1333

A01    RELEASE    RELEASED FROM IN-TRANSIT FACL 08-25-1994 0530 08-25-1994 0530

A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-24-1994 0700 08-25-1994 0530

ERE    HLD REMOVE HOLDOVER REMOVED             08-24-1994 0600 08-24-1994 0600
```

```
ERE    A-HLD      HOLDOVER, TEMPORARILY HOUSED    08-17-1994 1920 08-24-1994 0600

A01    RELEASE    RELEASED FROM IN-TRANSIT FACL   08-17-1994 2020 08-17-1994 2020

A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  08-17-1994 1245 08-17-1994 2020

CCC    HLD REMOVE HOLDOVER REMOVED                08-17-1994 1145 08-17-1994 1145

CCC    A-HLD      HOLDOVER, TEMPORARILY HOUSED    08-10-1994 1150 08-17-1994 1145

0-S    RELEASE    RELEASED FROM IN-TRANSIT FACL   08-10-1994 1250 08-10-1994 1250

0-S    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  08-03-1994 1427 08-10-1994 1250

CCC    HLD REMOVE HOLDOVER REMOVED                08-03-1994 1327 08-03-1994 1327

CCC    A-HLD      HOLDOVER, TEMPORARILY HOUSED    07-01-1994 1142 08-03-1994 1327

P94    RELEASE 07 RELEASED FROM IN-TRANSIT, JUL   07-01-1994 1242 07-01-1994 1242



G0002      MORE PAGES TO FOLLOW . . .
```

```
   THAO5        *          PUBLIC INFORMATION         *      01-14-2008
PAGE 002        *            INMATE DATA              *      10:10:08
                           AS OF 01-14-2008

REGNO..: 09244-026 NAME: NEFF, MARK L

               RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
               PHONE..: 812-244-4400    FAX: 812-244-4789
P94    A-ADMIT 06 ADMITTED TO IN-TRANSIT, JUN   06-29-1994 0530 07-01-1994 1242

0-S    RELEASE    RELEASED FROM IN-TRANSIT FACL  06-29-1994 0530 06-29-1994 0530

0-S    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-01-1994 1333 06-29-1994 0530

CCC    HLD REMOVE HOLDOVER REMOVED               03-01-1994 1233 03-01-1994 1233

CCC    A-HLD      HOLDOVER, TEMPORARILY HOUSED   02-22-1994 1408 03-01-1994 1233

A02    RELEASE    RELEASED FROM IN-TRANSIT FACL  02-22-1994 1508 02-22-1994 1508

A02    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-22-1994 0745 02-22-1994 1508

ERE    HLD REMOVE HOLDOVER REMOVED               02-22-1994 0645 02-22-1994 0645

ERE    A-HLD      HOLDOVER, TEMPORARILY HOUSED   02-19-1994 1903 02-22-1994 0645

A01    RELEASE    RELEASED FROM IN-TRANSIT FACL  02-19-1994 2003 02-19-1994 2003

A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-19-1994 1404 02-19-1994 2003
```

```
ATL    HLD REMOVE HOLDOVER REMOVED                       02-19-1994 1404 02-19-1994 1404

ATL    A-HLD      HOLDOVER, TEMPORARILY HOUSED           02-18-1994 1830 02-19-1994 1404

P92    RELEASE 02 RELEASED FROM IN-TRANSIT, FEB          02-18-1994 1830 02-18-1994 1830

P92    A-ADMIT 06 ADMITTED TO IN-TRANSIT, JUN            06-29-1992 0324 02-18-1994 1830

I-T    RELEASE    RELEASED FROM IN-TRANSIT FACL          06-29-1992 0324 06-29-1992 0324

I-T    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL         05-30-1992 0531 06-29-1992 0324

A01    RELEASE    RELEASED FROM IN-TRANSIT FACL          05-30-1992 0531 05-30-1992 0531

A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL         05-29-1992 0630 05-30-1992 0531

ERE    HLD REMOVE HOLDOVER REMOVED                       05-29-1992 0530 05-29-1992 0530

ERE    A-HLD      HOLDOVER, TEMPORARILY HOUSED           05-26-1992 2015 05-29-1992 0530

P91    RELEASE 05 RELEASED FROM IN-TRANSIT, MAY          05-26-1992 2115 05-26-1992 2115

P91    A-ADMIT 11 ADMITTED TO IN-TRANSIT, NOV            11-15-1991 0338 05-26-1992 2115

0-S    RELEASE    RELEASED FROM IN-TRANSIT FACL          11-15-1991 0338 11-15-1991 0338

0-S    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL         10-16-1991 1224 11-15-1991 0338

CCC    HLD REMOVE HOLDOVER REMOVED                       10-16-1991 1124 10-16-1991 1124

CCC    A-PRE      PRE-SENTENCE ADMISSION                 10-15-1991 1658 10-16-1991 1124

A02    RELEASE    RELEASED FROM IN-TRANSIT FACL          10-15-1991 1758 10-15-1991 1758

A02    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL         10-15-1991 0900 10-15-1991 1758

ERE    HLD REMOVE HOLDOVER REMOVED                       10-15-1991 0800 10-15-1991 0800

ERE    A-HLD      HOLDOVER, TEMPORARILY HOUSED           10-10-1991 2130 10-15-1991 0800

A01    RELEASE    RELEASED FROM IN-TRANSIT FACL          10-10-1991 2230 10-10-1991 2230

A01    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL         10-10-1991 1245 10-10-1991 2230

OTV    HLD REMOVE HOLDOVER REMOVED                       10-10-1991 1245 10-10-1991 1245

OTV    A-HLD      HOLDOVER, TEMPORARILY HOUSED           10-01-1991 1729 10-10-1991 1245
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
    THAO5           *        PUBLIC INFORMATION          *      01-14-2008
  PAGE 003          *           INMATE DATA              *      10:10:08
                             AS OF 01-14-2008

 REGNO..: 09244-026 NAME: NEFF, MARK L

                  RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 812-244-4400     FAX: 812-244-4789
 PRE-RELEASE PREPARATION DATE: 06-11-2012

 THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
 THE INMATE IS PROJECTED FOR RELEASE:  12-11-2012 VIA GCT REL

 ----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------


 COURT OF JURISDICTION...........: ILLINOIS, CENTRAL DISTRICT
 DOCKET NUMBER...................: CR 91-30043-01
 JUDGE...........................: MIHM
 DATE SENTENCED/PROBATION IMPOSED: 08-05-1994
 DATE COMMITTED..................: 10-04-1994
 HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
 PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
 NON-COMMITTED.:  $50.00         $00.00         $00.00         $00.00

 RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

 -----------------------CURRENT OBLIGATION NO: 010 ---------------------------

 OFFENSE CODE....:  137
 OFF/CHG: POSS OF A FIREARM BY A FELON - 18 USC 922(G)(1) & 924(E)(1)

  SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   252 MONTHS
  TERM OF SUPERVISION............:     5 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CC W/STATE SENTENCE
  DATE OF OFFENSE................: 04-25-1991




 G0002       MORE PAGES TO FOLLOW . . .
```

```
   THAO5          *          PUBLIC INFORMATION          *     01-14-2008
PAGE 004 OF 004 *             INMATE DATA               *     10:10:08
                            AS OF 01-14-2008

REGNO..: 09244-026 NAME: NEFF, MARK L

                  RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 812-244-4400    FAX: 812-244-4789
------------------------CURRENT COMPUTATION NO: 010 -------------------------


COMPUTATION 010 WAS LAST UPDATED ON 11-28-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 01-13-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 08-05-1994
TOTAL TERM IN EFFECT............: 252 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:  21 YEARS
EARLIEST DATE OF OFFENSE........: 04-25-1991

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    04-25-1991     08-22-1991

TOTAL PRIOR CREDIT TIME.........: 120
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 846
TOTAL GCT EARNED................: 540
STATUTORY RELEASE DATE PROJECTED: 12-11-2012
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 04-06-2015


PROJECTED SATISFACTION DATE.....: 12-11-2012
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK L. NEFF,                          )
                        Plaintiff,     )
                                       )
        v.                             )          Case No. 07-1672 (RCL)
                                       )
BUREAU OF PRISONS, ET AL               )
                        Defendants.    )

_____

## DECLARATION OF BRANDI RAY

1. I, Brandi Ray, do hereby declare that I am employed by the United States Department of Justice, Federal Bureau of Prisons as a Case Management Coordinator at the MCFP Springfield. I have been employed as such since September, 2007. Previously, I was employed as a Case Manager at the Federal Correctional Complex, Terre Haute, Indiana from March 20, 2005. I also served in the capacity as a Unit Manager in a temporary position from April 30, 2006, until October 29, 2006, while at FCC Terre Haute.

2. The actions concerning the above-captioned action stem from my official duties as Case Manager at FCC Terre Haute, which included correspondence, conducting reviews of inmate's programming transfer referrals, disciplinary proceedings, etc.

3. As part of my official duties, I have access to and frequently review documents in the inmates' Central Files, including Presentence Investigation Reports. These records are maintained by the Bureau of Prisons in the normal course of business for inmates.

4. The Plaintiff contests that inaccurate information is contained in his Presentence Investigation Report.

5. In accordance with Federal Bureau of Prisons policy, when a inmate questions the accuracy of information contained in his/her Presentence Investigation Report, steps are taken to

verify the accuracy of the information. In order to accomplish this, a letter is sent to the United States Probation Office who drafted the report to seek assurances concerning the accuracy of the information. The purpose of this is to ensure accurate information is being used in making decisions about the inmate. **See** Attachment 1, PS 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files, p. 19-20.

6.    While I am not currently the case manager for the Plaintiff, I was assigned as his case manager at the relevant time in this matter .   I wrote a letter that was signed by his unit manager which was sent to the Chief Probations Officer, Central District of Illinois, concerning the Plaintiff's allegation that his PSR contained inaccuracies. **See** Attachment 2, January 11, 2007, Letter to Chief US Probation Officer for the Central District of Illinois.

7.    A response dated January 30, 2007, was received at the institution from Daniel Knappmeyer, Supervising U.S. Probation Officer, who stated that the correct Sentencing Guidelines Manual was used to calculate Plaintiff's sentence.  Mr. Knappmeyer also indicated that he had addressed this issue with the Plaintiff on two prior occasions. **See** Attachment 3, January 30, 2007, Response letter from US Probation Officer Knappmeyer.

8.    As displayed above, the Federal Bureau of Prisons has made attempts to assure the accuracy of the information set forth in the Presentence Investigation Report in order to ensure decisions were not being made based upon inaccurate or refuted information. The information contained in the Presentence Investigation Report for the Plaintiff was verified as accurate by the United States Probation Office.

I declare under penalty of perjury pursuant to 28, United States Code, Section 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 16 day of January, 2008.

Brandi Ray
Case Manager Coordinator
Federal Correctional Institution
MCFP Springfield

**ATTACHMENT 1**



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program
# Statement

**OPI:** CPD
**NUMBER:** 5800.11
**DATE:** September 8, 1997
**SUBJECT:** Inmate Central File, Privacy
Folder, and Parole Mini-Files

---

1. <u>PURPOSE AND SCOPE</u>.  The Bureau of Prisons maintains complete information on all inmates confined in Bureau institutions. Staff use the Inmate Central File, Privacy Folder, and Parole Mini-file to maintain pertinent information regarding a detainee, unsentenced and sentenced offenders.

The Bureau of Prisons has had numerous policy sources on all facets of the Inmate Central File System.  This Program Statement consolidates many of these sources for easier reference.  This issuance sets forth guidelines in the following areas:

   a.  Inmate Record Functions,
   b.  Inmate Central Files,
   c.  Standardization of Inmate Central File Material,
   d.  Maintenance, Security, and Access Responsibilities and
       Procedures,
   e.  Routine Uses of Inmate Central File,
   f.  Disclosure of Inmate Central File Materials,
   g.  Inmate Review of Inmate Central File,
   h.  Documentation of Oral Disclosure,
   i.  Transfer of Records Between Bureau Facilities,
   j.  Requests for Forwarding of Inmate Files,
   k.  Retirement of Inmate Central File, and
   l.  Parole Mini-files.
   m.  Pretrial Inmate File Material/Immigration & Naturalization
       Service (INS) Detainees

2. <u>PROGRAM OBJECTIVES</u>.  The expected results of this program are:

   a.  Inmate files will be maintained with complete information on each inmate confined in a Bureau of Prisons institution.

   b.  U.S. Parole Mini-Files will be completed and accessible to the U.S. Parole Commission for all inmates specified in this Program Statement.

   (1)   initial review of all current files of the inmate
        population;
   (2)   receipt of inmate requests to review files, and the
        monitoring of the inmate review of files; and
   (3)   screening of all records and documents in the future as
        they are sent to the Inmate Central File for filing.

Each institution may adopt its own procedures and forms for submitting and acknowledging requests and for logging and scheduling Inmate Central File reviews.

   b.  <u>Inmate Request and Review</u>.  Any inmate seeking to look at his/her Inmate Central File shall submit a request to a staff member, as designated in the local instruction.

- The inmate's request should be acknowledged.
- The inmate should be permitted to review the file whenever practicable.
- All file reviews must be done under constant and direct staff supervision.
- Those materials which have been determined to be non-disclosable shall be removed from the folder before inmate review.
- An entry shall be made on the Inmate Activity Record (BP-381) to show the date the inmate reviews the file. The staff member monitoring the review shall initial the entry and the inmate shall be asked to initial it.

   c.  <u>Inmate Challenge to Information</u>.  An inmate may challenge the accuracy of the information in his or her Inmate Central File.  Unit team staff shall take reasonable steps to ensure the accuracy of challenged information, particularly when that information is capable of being verified.  The inmate is required to provide staff with sufficient information in support of a challenge (names of persons to contact, government agency, etc...).

When an inmate provides such information, staff shall review the alleged error(s) and take reasonable steps to ensure the information is correct.

For example, if an inmate challenges information in the Presentence Investigation Report (PSI), staff should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided.  **USPO procedures, however, do not allow for changes or addendums to be made to the Presentence Investigation Report after sentencing since it is a court document.**

If the USPO subsequently reports that the challenged information, or some part thereof is not accurate, staff shall attach the Bureau's inquiry and the USPO response to the

challenged document.  Staff shall file this information in the

applicable section of the Inmate Central file, and also make a
notation on the Inmate Activity Record form (BP-381) to ensure
that future decisions affecting the inmate are not based on the
discredited information.

When the USPO verifies that the information in the PSI is
indeed inaccurate, as claimed by the inmate, staff should
subsequently review, and where indicated, correct Bureau
generated reports or data such as the Inmate Load and Security
Designation form (BP-337), the Custody Classification form
(BP-338), Progress Report, and any other reports that may have
been based on the PSI.  Bureau reports, data, or SENTRY
transactions should be corrected within a reasonable period of
time after identification as being inaccurate.

If the information source will provide a corrected document or
data, it should be immediately inserted in the file or data base
and the inaccurate information or document removed.  A notation
on the Inmate Activity Record form should acknowledge the
insertion of the corrected information or document.

d.  Inmate Copies.  Any inmate who wishes to receive copies of
disclosable materials from the file shall submit a request to
institution staff.  Within a reasonable time after the request,
institution staff shall provide the inmate copies of requested
disclosable documents maintained in the Inmate Central File.
Fees for the copies are to be calculated in accordance with the
Program Statement on Release of Information.

e.  Privacy Folder.  Records which have been determined, under
separately issued guidelines, to be excluded from inmate review
shall be placed in the Privacy Folder.  Normally, actual
placement of documents in the Inmate Central File is the Unit
Secretary's responsibility.  The Privacy Folder shall be placed
on top of section 5 in the Inmate Central File.

As materials from any source are submitted for placement in
the Inmate Central File, they are routed to an appropriate staff
member the Warden designated.  The Case Manager shall review the
materials, to ascertain whether to place them in the regular
sections, the Privacy Folder, or discard them.  Any document to
be excluded from inmate review must be stamped "FOI EXEMPT".  At
each Program Review and before an inmate reviews his/her Inmate
Central File, the Case Manager shall review the file to ensure
the proper location of forms and purge outdated or unnecessary
forms and/or documentation.

f.  Parole Files.  Parole Mini-files, examiner packets, and
pre-hearing assessments are not disclosable unless specifically
authorized by the U.S. Parole Commission.  The Parole Mini-file
and other hearing materials must be removed from the Inmate
Central File prior to inmate review.  The inmate may seek review

# ATTACHMENT 2



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Complex*
*4700 Bureau Road South*
*Terre Haute, Indiana 47802*

January 11, 2007

Mr. Rich Carroll,
Chief U.S. Probation Officer
Central District of Illinois
United States District Court
127 U.S. Courthouse
201 South Vine Street
Urbana, IL 61801

RE: NEFF, Mark
Reg. No. 09244-026
Docket No. CR 91-30043-01

Dear Mr. Carroll:

The above named individual was sentenced in the Central District of Illinois, on August 5, 1994, to a 252-month sentence for Possession of a Firearm by a Felon. He is currently incarcerated at USP Terre Haute, IN.

Inmate Neff has brought it to our attention that his pre-sentence investigation may be incorrect. Specifically, he indicates that the information on page 6, paragraphs 17 and 26, comes from two separate USSG Manuals. Included with this letter is a document prepared by inmate Neff stating what he believes is incorrect in his pre-sentence investigation.

The Federal Bureau of Prisons is obligated to take reasonable steps to ensure that inmates' file material is correct. Inmate Neff has brought the above to our attention, therefore we are inquiring about any changes that may be needed. We request that you review the attached information and advise us if you believe changes are warranted and/or are forthcoming. We appreciate your time in assisting us with this matter.

Sincerely,

B. Shoemaker
Unit Manager

# ATTACHMENT 3

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PROBATION DIVISION

RICHARD J. CARROLL
Chief U.S. Probation Officer



Please Reply To: Springfield

January 30, 2007

B. Shoemaker
Federal Correctional Complex
4700 Bureau Road South
Terre Haute, Indiana 47802

RE:   NEFF, Mark
Reg. No. 09244-026

Dear Sir or Madam:

In response to Mr. Neff's claim that Paragraphs 17 and 26 of his Presentence Report come from two different guideline manuals, I have enclosed a photocopy of Section 4G1.4 of the 1990 edition of the Sentencing Guidelines Manual.

I am unsure where Mr. Neff obtained his information. This photocopy clearly shows that the Armed Career Criminal enhancement was part of the 1990 edition of the Sentencing Guidelines Manual, which was the only manual used to calculate his sentence.

As you can see from the enclosures, Mr. Neff has raised the argument before and I have responded on two previous occasions. Please inform Mr. Neff that he should refrain from sending us any further correspondence regarding this issue, as we have previously addressed his concerns.

Sincerely,

Daniel L. Knappmeyer
Supervising U.S. Probation Officer

DLK/mh

Enclosure

127 U.S. Courthouse
201 South Vine
Urbana 61802-3348
Tel: 217-373-5851
Fax: 217-373-5860

100 N.E. Monroe
Suite 314
Peoria 61602-1051
Tel: 309-671-7031
Fax: 309-671-7231

235 U.S. Courthouse
211 19th Street
Rock Island 61201-8074
Tel: 309-793-5784
Fax: 309-793-5879

108 U.S. Courthouse
600 East Monroe
Springfield 62701
Tel: 217-492-4215
Fax: 217-492-4218

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK L. NEFF,                           )
                          Plaintiff,    )
                                        )
        v.                              )        Case No. 07-1672 (RCL)
                                        )
BUREAU OF PRISONS, ET AL                )
                          Defendants.   )
_____

## DECLARATION OF R.V. VEACH

1. I, R.V. Veach, do hereby declare that I am a retired employee of the United States Department of Justice, Federal Bureau of Prisons ("BOP"). I retired as Complex Warden at the Federal Correctional Complex, Terre Haute, IN, in December, 2007. Prior to serving as Warden at FCC Terre Haute I was Warden at FCI Pekin, IL, from January, 2005, through December 10, 2006. I started my career with the BOP in August, 1984.

2. The Plaintiff alleges, that I along with the other named defendants acted in concert to maintain incorrect information within his PSR and the BOP staff willfully declined to ensure that the information contained in the PSR is accurate.

3. In response to the Plaintiff's allegations, it appears the Plaintiff has named me as a defendant as a result of my position as Complex Warden for FCC Terre Haute with overall responsibility for the Complex. The Plaintiff does not allege that I had any personal involvement in connection with his challenge concerning the accuracy of the information contained in his PSR. I am not familiar with the Plaintiff and as the Complex Warden, I had no personal involvement in the allegations referenced by the Plaintiff.

I declare under penalty of perjury pursuant to 28, United States Code, Section 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this ___ day of January, 2008.

R.V. Veach
Warden (Retired)
Federal Correctional Complex
Terre Haute, IN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK L. NEFF,                          )
               Plaintiff,    )
                          )
    v.                                 )    Case No. 07-1672 (RCL)
                          )
BUREAU OF PRISONS, ET AL               )
            Defendants.   )

_____

## DECLARATION OF MICHAEL NALLEY

1.  I, Michael Nalley, do hereby declare that I am an employee of the United States Department of Justice, Federal Bureau of Prisons ("BOP"). I am the North Central Regional Director for the Bureau of Prisons and have held this position since August, 2004. Prior to that, I was a Warden at the United States Penitentiary ("USP") McCreary, Kentucky. I have been employed by the BOP since 1981.

2.  The Plaintiff alleges, that I along with the other named defendants acted in concert to maintain incorrect information within his PSR and the BOP staff willfully declined to ensure that the information contained in the PSR is accurate.

3.  In response to the Plaintiff's allegations, it appears the Plaintiff has named me as a defendant as a result of my position as Regional Director. The Plaintiff does not allege that I had any personal involvement in connection with his challenge concerning the accuracy of the information contained in his PSR. I am not familiar with the Plaintiff and as the Regional Director, I had no personal involvement in the allegations referenced by the Plaintiff.

I declare under penalty of perjury pursuant to 28, United States Code, Section 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this **17** day of January, 2008.

Michael Nalley
Regional Director
North Central Regional Office

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK L. NEFF,                                    )
                Plaintiff,          )
                               )
        v.                                )          Case No. 07-1672 (RCL)
                               )
BUREAU OF PRISONS, ET AL.                        )
                Defendants.       )
_____)

DECLARATION OF HARRELL WATTS

1.  I, Harrell Watts, do hereby declare that I am an employee of  the United States Department of Justice, Federal Bureau of Prisons ("BOP").   I am the Administrator of National Inmate Appeals for the Bureau of Prisons and have held this position since December, 1999.  Prior to that, I was a Special Agent in the Office of Internal Affairs of the Federal Bureau of Prisons since 1993.  2.  The Plaintiff alleges that I, along with the other named defendants, acted in concert to maintain incorrect information within his PSR and that the BOP staff willfully declined to ensure that the information contained in his PSR is accurate.

3.  In response to the Plaintiff's allegations, it appears the Plaintiff has named me as a defendant because of my position as Administrator of National Inmate Appeals.  The Plaintiff does not allege that I had any personal involvement in maintaining the accuracy of the information contained in his PSR.  I am not familiar with the Plaintiff and as the Administrator of National Inmate Appeals, I had no personal involvement in the allegations referenced by the Plaintiff.

I declare under penalty of perjury pursuant to 28, United States Code, Section 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 17th day of January, 2008.

Harrell Watts
National Inmate Appeals Administrator
Washington D.C.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK L. NEFF,**            ) | |
|           ) | |
| **Plaintiff pro se,**    ) | **C. A. No.: 07-1672 (RCL)** |
|           ) | |
| **v.**              ) | |
|           ) | |
| **BUREAU OF PRISONS, et al.**   ) | |
|           ) | |
| **Defendants.**      ) | |
|           ) | |
| _____ ) | |

## <u>ORDER</u>

**UPON CONSIDERATION** of defendants' motion to dismiss,  it is hereby **ORDERED**

that the motion is **GRANTED**, and that plaintiff's complaint is dismissed with prejudice.


_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2008.