UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK L. NEFF,  )
    Plaintiff pro se, )
                     )
                     )   C.A. NO.: 07-1672 (RCL)
v.                    )
                     )
BUREAU OF PRISONS, et al.,  )
    Defendants. )

## MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to 28 U.S.C. §1915(e)(1) plaintiff moves for an order appointing counsel to represent him in this case. In support of this motion, plaintiff states:

1. Plaintiff is unable to afford counsel. He requested and was granted to proceed in forma pauperis.

2. Plaintiff's imprisonment will greatly limit his ability to litigate. Plaintiff has limited access to the law library and limited knowledge of the law. Plaintiff has had no training in the law and litigating against the defendants legal counsel represents the defendants having an unfair advantage over this pro se litigant.

3. A trial in this case will likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence and cross examine witnesses.

WHEREFORE, plaintiff requests that the Court appoint a lawyer, a member of the Bar, as counsel in this case.

Dated: April 3rd, 2008.

Mark L. Neff, 09244-026
P.O. Box 33
Terre Haute, IN 47808

**RECEIVED**
APR 7 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via first class mail, postage prepaid upon:

ALEXANDER D. SHOAIBI
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C. 20530

this 3rd day of April, 2008.

*/s/ Mark L. Neff*
Mark L. Neff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK L. NEFF,                       )
       Plaintiff pro se,)
                           )
                           )
v.                                  )   C.A. NO.: 07-1672 (RCL)
                           )
                           )
BUREAU OF PRISONS, et al.,          )
       Defendants.         )

---

### DECLARATION OF MARK L. NEFF

---

1. I, mark L. Neff, do hereby declare that I am the Plaintiff herein and that I am a prisoner confined in the United States Penitentiary at Terre Haute, IN.

2. That I am a pro se litigant and the Supreme Court has held in Conley v Gibson, 355 U.S. 41, 45-46 (1957), that in considering a motion to dismiss, a pro se complaint should be held to less strict standards than a motion drafted by a lawyer.

3. Defendants claim that this Court may not have jurisdiction over this cause of action is meritless. The FOIA and the Privacy Act gives this Court the statutory jurisdiction to hear cases brought under these statutes. The PLRA required this Court to dismiss the complaint right from the outset if:

    (1)  is "frivolous or malicious,";

    (2)  fails to state a claim upon which relief may be granted, or

    (3)  seeks money damages from a defendant who is immune from money damages.

The Court did not dismiss this complaint "sue sponte" because none of the above deficiencies were apparently afflicting the complaint. Plaintiff disagrees with the defendants that this Court may not have

jurisdiction to hear this case and avers that this Court does have jurisdiction to reach the merits of this complaint filed against the defendants.

The defendants submitted their reply, but failed to address the issue presented in the complaint.

4. The complaint was filed in response to the BOP, arrogantly, declining to verify the information submitted by USPO KNAPPMEYER on Jan.30, 2007. Plaintiff showed that the attachments to USPO KNAPPMEYERS' reply did not come from the 1990 USSG Manual as he claimed them to have come from. Because the BOP willfully refused to verify the information, this complaint was filed as a direct result thereof. The defendants filed their collective response, but stopped short of addressing the issue and defendants KNAPPMEYER and CARROLL did not present a defense or contest the allegations against them in the complaint. Whereby, their silence should be taken that they have no defense to the allegations against them and the allegations should be taken as true, as they are, and their actions are liable under statutory law. USPO KNAPPMEYER's conduct is criminal in nature as he used the United States Mails to supply fraudulent information to the BOP staff here at USP TERRE HAUTE.

Plaintiff states that the DECLARATIONS submitted by BRANDI RAY, R.V. VEACH, MICHAEL McNALLEY, and HAROLD WATTS fail to address the issue and their declarations fall short of addressing the issue wherein they willfully refused to verify the information supplied by USPO KNAPPMEYER despite being shown through the filing of Administrative Remedies BP-8, BP-9, BP-10 and BP-11.  **See Complaint, Exhibit 3 and 4.**

The information supplied to BRANDI RAY from USPO KNAPPMEYER is information that comes from the 1991 amended USSG Manual and not from

from the 1990 USSG Manual as he claims it to have come from.

Because each named BOP defendant willfully refused to verify the information supplied from USPO KNAPPMEYER, they each made themselves liable for a violation of the Privacy Act and even violated their own agency's policy, Program Statement 5800.11. **See Defs. ATTACHMENT 1**

Each named BOP defendant violated their own Policy, 5800.11(c), wherein they failed to "take reasonable steps to ensure the accuracy of challenged information, **particularly when that information is capable of being verified.**" Plaintiff attached copies of the 1990 USSG Manual's STATUTORY INDEX showing that §4B1.4 was not contained therein. The defendants, arrogantly, and willfully refused to address plaintiff's challenge to the reply submitted by USPO KNAPPMEYER. Each named defendant herein [ BOP ] violated the Privacy Act's requirement to maintain accurate records and defendants R.V.VEACH, MICHAEL McNALLEY, and HAROLD WATTS are not immune under the "theory of respondeat superior" as each of them are held accountable to the Director of the BOP, which is HARLEY LAPPIN. Defendants R.V.VEACH, MICHAEL McNALLEY, and HAROLD WATTS are liable as each of them signed the denial of the Administrative Remedy submitted to their department. Mr WATTS commits fraud when he states that "[plaintiff] did not provide any information in support of this contention." In order to have a BP-11 processed, a copy of the completed BP-9 and BP-10 **"must be submitted with this appeal."** See **Complaint, Exhibit 4, Central Office Administrative Remedy Appeal.**

5. There is no declaration submitted by USPO KNAPPMEYER or CARROLL in the defendants motion to dismiss. The reason for this is because there is no defense for either of them. They maliciously and willfully submitted fraudulent information to BOP staff that violated plaintiff's

due process rights and the Privacy Act's requirement that an agency maintain accurate records when they apply to a person under their supervisory authority. USPO KNAPPMEYER's conduct is criminal in nature and Mr.CARROLL's conduct is criminal in nature where he aided and abetted USPO KNAPPMEYER in sending fraudulant information through the United States Mails. USPO KNAPPMEYER and Mr.CARROLL's silence is tantamount to acknowledgement that they are in fact guilty as alleged in the complaint and,ultimately,showing that failure of the BOP defendants to verify the complaint about the reply by USPO KNAPPMEYER being fraudulent,does in fact show that they arrogantly and willfully refused to abide by the requirements of the Privacy Act,in that,an agency is required to maintain accurate records.

6. Plaintiff requests the Court to take NOTICE that defendants USPO KNAPPMEYER and CARROLL have failed to deny or contest the alleged conduct in the complaint and,therefore,their silence is akin to acknowledgement that the complaint against them is true. Their conduct makes them liable under the Privacy Act.

7.Plaintiff claims that he could win a judgment against the defendants named herein and,therefore,their motion to dismiss is without merit and should be denied. Each named defendant should be held accountable for their individual conduct and a petit jury should decide if plaintiff has made a meritorious claim and defendants should be held liable for money damages as a result.

8. Plaintiff avers that he tried at every available step to resolve this issue with the BOP named defendants. Each defendant,arrogantly and willfully,refused to address the issue and,as a result,this complaint has been properly filed in this Court for review. Each defendant is

4

liable for his/her actions committed against the plaintiff and for a blatant violation of the Privacy Act.

I declare under the penalty of perjury pursuant to 28, United States Code, Section 1746, that the foregoing is true and correct. Executed this 3rd day of April, 2008.

*Mark L. Neff*
Mark L. Neff
09244-026
P.O. Box 33
Terre Haute, IN 47808

5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via first class mail, postage prepaid upon:

ALEXANDER D. SHOAIBI
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C. 20530

this 3rd day of April, 2008.

*Mark L. Neff*
Mark L. Neff