MARK L. NEFF
09244-026
P.O. Box 33
Terre Haute,IN 47808

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARK L.NEFF, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1672(RCL) |
| | ) | |
| | ) | |
| BUREAU OF PRISONS ET AL., | ) | |

MOTION IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS

TO THE HONORABLE COURT:

COMES NOW MARK L.NEFF,Plaintiff,and respectfully submits this motion in opposition to the Defendants' motion to dismiss for the following reasons:

1. I am a pro se plaintiff and I would like to respectfully direct this Honorable Court's attention to **Conley v Gibson**,355 US 41,45-46(1957),wherein the Supreme Court held that in considering a motion to dismiss,a pro se complaint should be held to less strict standards than amotion drafted by a lawyer.

2. The defendants claim that this Court may not have jurisdiction over this cause of action [Def's.Mot.,p.2-4].

This claim is erroneous as the FOIA and Privacy Act gives this Court jurisdiction [statutory] to hear cases brought under these statutes. The PLRA required this Court to dismiss this complaint right

# RECEIVED

JUL 3 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

from the outset if:

1)  it is "frivolous or malicious";

2)  fails to state claim upon which relief may be granted,or

3)  seeks money damages from a defendant who is immune from money damages.

This Court did not dismiss this complaint "sue sponte",but rather granted plaintiff to proceed in forma pauperis status due to plaintiff's financial status.

Plaintiff disagrees with the defendants' position that this Court doesn't have jurisdiction over this matter or to reach the merits.

3.  The BOP Defendants' attempts to obsfucate the plaintiff's issue filed in the complaint.

Plaintiff requested the BOP Defendants' to reject the reply they received from USPO KNAPPMEYER as being fraudulent due to him attaching pages from the 1991 USSG Manual claiming them to have come from the 1990 USSG Manual. Plaintiff showed each defendant that the attachment to USPO KNAPPMEYER's reply did not come from the 1990 USSG Manual by making photocopies from the 1990 USSG Manual and attaching them to the Administrative Remedies available to plaintiff. **SEE Exhibits 1-4.** This course of action was taken based on the reply received from the USPO. **SEE Exhibit 5.** The issue arises from information contained in the PSR. **SEE Exhibit 6.**

USPO KNAPPMEYER'S reply is a deliberate attempt to deceive the BOP defendants' about the information contained in the PSR,a document used by the BOP for classification and sentence release purposes. This fraudulent act was willful and deliberate and constitutes a crime by him using the United States Mail to send this reply to the BOP defendants. Defendant USPO CARROL aided and abetted this fraud by not stop-

2

ping USPO KNAPPMEYER as his immediate supervisor. **SEE Exhibit 7.**

Plaintiff brought the issue to the attention of the BOP defendant Ms.BRANDI RAY,who willfully dismissed plaintiff's complaint by saying no further action would be taken in this matter and that Mr.Knappmeyer's response would not be rejected. This,despite being shown from the 1990 USSG Manual that the attachment to USPO KNAPPMEYER'S reply could not have come from that manual,whereby aligning herself with the fraudulent reply submitted by USPO KNAPPMEYER. Actually,all BOP defendants chose to align themselves with USPO KNAPPMEYER by willfully and actively not verifying plaintiff's claim that USPO KNAPPMEYER submitted fraudulent documents,whereby making them liable for not "tak[ing] reasonable steps to ensure the accuracy of the challenged information,particulary when that information is capable of being verifed." **BOP,Program Statement 5800.11-2c;5 USC §552a et seq.**

This is the issue in this complaint and the defendants' have not addressed this issue. Furthermore,neither USPO defendant submitted a DECLARATION,nor was one attached to the defendants' motion to dismiss.

All named defendants' herein are liable under the Privacy Act's liability for failing to maintain accurate files. None are exempt because to hold otherwise would send a message to all government employees that to avoid the Privacy Act's liability all was required of them was to claim exemption. This is not why the Privacy Act was legislated. It was legislated to hold all agencies accountable if they failed to maintain accurate records used against the plaintiff(s) in a particular case. SEE <u>Murphy v United States</u>,121 F.Supp.2d 21(DC Cir. 2000);<u>Toolasprashad v BUREAU OF PRISONS</u>,286 F.3d 576,581(DC Cir.2000); <u>Strang v US Arms Control & Disarmament Agency</u>,275 App.D.C. 37,864 F.2d 859(DC Cir.1989)(...[p]resents a "typical" Privacy Act case because

3

the facts at issue were clearly provable.) Id. at 866.

All defendants [except the USPO defendants] submitted DECLARATIONS that do not address the issue presented by the plaintiff. The painful fact is because they did not think plaintiff would actually take this action to court and because the plaintiff was correct about the reply from USPO KNAPPMEYER is in fact false. This material fact is not addressed by the defendants and this is the basis for the complaint.

## CONCLUSION

Plaintiff took all steps available to him giving the defendants a fair opportunity to correct and address the issue presented about the PSR containing information from two (2) separate USSG Manuals. The defendants herein chose to maintain inaccurate records and whereby violating the requirements of the Privacy Act to do so. They each made a personal decision to side with USPOS' KNAPPMEYER and CARROL stance to willfully fail to maintain an accurate record despite being shown that the record was in fact inaccurate. They each made themseves liable and WHEREBY Plaintiff requests this Honorable Court to deny the defendants motion to dismiss and to set this cause for trial.

DATED this 25 day of July,2008.                    By: _Mark L. Neff_
                                                      Mark L.Neff

## PROOF OF SERVICE

I CERTIFY that a copy of the foregoing was served via U.S.Mails on:

ALEXANDER D.SHOAIBI,AUSA
501 Third Street N.W.,Room E-4218
Washington,DC 20530

                    _Mark L. Neff_
                    Mark L.Neff

4

EXHIBITS

Exhibit 1 BP-8
       2 BP-9
       3 BP-10
       4 BP-11
       5 Reply from USPO KNAPPMEYER
       6 PSR page 6
       7 Request for Correction sent to USPO CARROLL

# INFORMAL RESOLUTION

NEFF, Mark                                                      RESPONSE
Reg. No. 09244-026                                             BP-148

This is in response to your Informal Resolution (BP-8½) in which
you request the Bureau of Prison's to reject the response received
by the U.S. Probation Officer, Mr. Knappmeyer concerning your
Pre-Sentence Investigation (PSI).

The Bureau of Prisons' Operations Memorandum, 068-93 (5320),
Maintenance of Inmate Files, references the Seller vs. Bureau of
Prisons case, 959F.2d307(D.C.cir.1992). The specific ruling in
that case states, "The agency must take responsible steps to
maintain the accuracy of the information to ensure fairness to
the individual." The Operations Memorandum further states, in a
situation like Sellers where the inmate challenged the
Presentence Report, Unit staff should not change the report, but
should inform the Probation Officer the report has been
challenged. If the Probation Officer confirms the information in
the report is inaccurate, staff should insert a note to that
effect in the file in order to ensure no decisions affecting the
inmate are based on the discredited information. Staff should
also request an updated Presentence report from the Probation
Officer."

A request was made to the U.S. Probation Office on your behalf,
asking them to review the areas which you indicated were
incorrect. A response was received from the U.S. Probation Office
which indicated that your PSI was correct and no changes would be
made. At this time, the Bureau of Prison's will not reject the
response received from Mr. Knappmeyer, U.S. Probation Officer.

This response to your request for Informal Resolution is for
informational purposes only.

*Response from MS. Ray, Case Manager, Housing
Unit C-2 received on 2/23/07.*

## EXHIBIT 1   (8 pages)

## U. S. PENITENTIARY/FEDERAL PRISON CAMP

## Terre Haute, Indiana

## INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative Remedy Procedure for Inmates, states "Inmates shall informally present their complaints to staff, and staff attempt to informally resolve any issue before an inmate files a request for Administrative Remedy."

In keeping with the spirit and intent of Bureau of Prisons Program Statement 1330.13, the following form shall be utilized by staff in attempting to informally resolve an inmate's complaint.

### ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM

INMATE'S NAME: NEFF,Mark L.     REG. NO.: 09244-026 UNIT: C-2,230U

DATE/TIME COMPLAINT RECEIVED FROM INMATE:_____

NATURE OF COMPLAINT: I requested correction of the Presentence Report pursuant to P.S.5800.11. The response from a Mr.Knappmeyer is contradictatory to legal documents and I disagree with his response and I submit this Remedy to further my challenge. I state that the Bureau should reject the response from Mr.Knappmeyer.

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: Filing this Remedy.

_____

_____

THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION ATTEMPT: P.S.5800.11(c);P.S.1330.13;and the Privacy Act.

_____

INFORMAL RESOLUTION WAS ACCOMPLISHED:_____
                                          DATE

INMATE'S SIGNATURE: _____
                    SIGNATURE INDICATES INMATE'S ACCEPTANCE OF
                                   RESOLUTION

Attachment to INFORMAL RESOLUTION FORM
Neff,Mark L.,#09244-026    *Mark L Neff*
Dated: *February 12th* ,2007.

This filing is to show Bureau staff that the Presentence Report(PSR)
does,in fact,contain information from two (2) separate USSG Manuals and
to expose Mr.Knappmeyer's attempts to mislead Bureau staff in regards
to the PSR.
    I request that Bureau staff reject Mr.Knappmeyer's responses as they
are misleading and for his blatant attempts to conceal incorrect inform-
ation in the Probation's agency record.
    Mr.Knappmeyer has submitted documents under the guise that they are
1990 USSG Manual pages,which I will show that they are actually docu-
ments from the amended 1991 USSG Manual.
    Mr.Knappmeyer's action reveals his attempt to cause Bureau staff to
continue to rely on inaccurate information that has direct impact on my
release from Bureau custody.
    I request that Bureau staff reject Mr.Knappmeyer's responses as being
fraudulent and deceiving and that the Inmate Systems Management re-cal-
culate my sentence without using the information contained in ¶26 of the
PSR.

    I have made three (3) separate requests for resolution per P.S.5800.
11(c). Mr.Knappmeyer has responded to all three requests with fraudulent
statements with the intent to mislead Bureau staff.

    I state the following in support for this filing:

    MR.KNAPPMEYER HAS THREE TIMES ATTEMPTED TO DECEIVE BUREAU STAFF
    GIVING BUREAU STAFF REASON TO REJECT HIS RESPONSES AS MISLEADING

FOR CLARIFICATION:    The 1990 USSG Manual covers offenses charged from
                      Nov.1,1990 to Oct.31,1991. The amendments proposed
                      by the Sentencing Commission on May 1,1991 are the
                      1990 amendments that would become effective on Nov.
                      1,1991. If any amendment were to be deemed retro-
                      active,that amendment would be incorporaaed into
                      USSG §1B1.10(c). If so done,that amendment would be
                      retroactive back to 1987.

    I was indicted for Felon-in-possession on June 20,1991. This date is
covered by the 1990 USSG Manual. The PSR verifies this fact. See ¶ 17.
    The 1990 manual's STATUTORY INDEX(APPENDIX-A) cites USSG §2K2.1 as
the applicable guideline in determining the sentence Base Offense Level
(BOL). Paragraphs 18 through 25 sets the BOL at 14. The PSR then calcu-
lated the Criminal History Category to be V. the Sentencing Table sets
the sentencing range at 31-43 months. This is the only accurate inform-
ation in the PSR concerning the sentence determination.

    The information contained in ¶26 is not found in the 1990 USSG Manual
as Mr.Knappmeyer asserts it to be. Mr.Knappmeyer does acknowledge that
the 1990 USSG Manual is the only to be used. See ¶2 of his January 30,
2007 response.

I will now show how Mr.Knappmeyer has three (3) times misled Bureau staff in regards to the information contained in ¶26 of the PSR.

## FIRST ACT OF DECEPTION

Mr.Knappmeyer filed his first response on Oct.5,2006.

He stated,"...you stated in your request that the Armed Career Criminal enhancement is not found in the 1990 edition of the Sentencing Guidelines Manual. I'm not sure where you obtained your information for this argument. I HAVE ENCLOSED A PHOTOCOPY OF THIS SECTION,WHICH WAS TAKEN FROM THE 1990 EDITION OF THE SENTENCING GUIDELINES MANUAL." (Emphasis added).

I have attached EXHIBITS 2 and 3 that are from the 1990 USSG Manual that exposes Mr.Knappmeyer's response as fraudulent and an obvious attempt to mislead Bureau staff to think that the attachment provided by him came from the 1990 manual when,in fact,it came from the amended 1991 USSG Manual. Mr.Knappmeyer's intent is for Bureau staff to rely on the information contained in ¶26.

## SECOND ACT OF DECEPTION

This response is dated Oct.16,2006.

He again attaches the page from the 1991 manual asserting that is came from the 1990 manual.

EXHIBITS 2 and 3 clearly show that his attachment(s) did not come from the 1990 manual.

## THIRD ACT OF DECEPTION

Mr.Knappmeyer really out does himself in his response dated Jan.30, 2007.

He attaches the coverpage along with a page contained within the 1991 manual attempting to pass them both off as coming from the 1990 manual and even highlighting in green the coverpage.

I have attached EXHIBIT 1 to show what the authentic 1990 USSG Manual's coverpage looks like.

In ¶1,he states,"In response to Mr.Neff's claim that Paragraphs 17 and 26 of his Presentence Report comes from two different guideline manuals,I HAVE ENCLOSED A PHOTOCOPY OF SECTION 4G4.4 OF THE 1990 EDITION OF THE SENTENCING GUIDELINES." (Emphasis added).

EXHIBITS 2 and 3 clearly shows this statement to be fraudulent and as an obvious attempt to mislead Bureau staff.

2

In ¶2,he states,"I am unsure where Mr.Neff obtained his information.
THIS PHOTOCOPY CLEARLY SHOWS THAT THE ARMED CAREER
ENHANCEMENT WAS PART OF THE 1990 EDITION OF THE
SENTENCING GUIDELINES MANUAL,WHICH WAS THE ONLY MAN-
UAL USED TO CALCULATE HIS SENTENCE."(Emphasis added).

EXHIBITS 2,3 and 4 clearlyshows Mr.Knappmeyer's willful and inten-
tional attempt to mislead Bureau staff by making these fraudulent state-
ments that are aasily exposed by the 1990 USSG Manual itself.
Mr.Knappmeyer's obvious intent is to cause Bureau staff to continue
to rely on erroneous information contained in the PSR that is being used
against me that has direct impact on my release date from Bureau custody.

In ¶3,he states,"AS YOU CAN SEE FROM THE ENCLOSURES,Mr.Neff has
raised the Argument before and I have responded
on two previous occassions."(Emphasis added).

and concludes by stating,"Please inform Mr.Neff that he should refrain
from sending us any further correspondence
regarding this issue,..."

Mr.Knappmeyer concludes by assuming Bureau staff will rely on his
response and intends Bureau staff to do his bidding to tell me t[ot]hat
I should refrain from sending [] any further correspondence regarding
this issue."

Mr.Knappmeyer has three (3) times wilfully and intentionally mislead
Bureau staff in regards to my challenge to the PSR's ¶26. He has made
numerous fraudulent statements that that 1990 USSG Manual expose as such.
He has provided photocopies of the 1991 manual passing them off as coming
from the 1990 manual. EXHIBITS 1-3 clearly show that these photocopies
are not from the 1990 manual. EXHIBIT 4 shows that two (2) USSG manuals
were used to determine my sentence. The four (4) attached exhibits gives
Bureau staff verification that Mr.Knappmeyer has intentionally mislead
and has intentions to cause Bureau staff to rely on the information in
¶26 to my detrement. Mr.Knappmeyer attempts Bureau staff to rely on this
information that I have shown does not come from the 1990 manual and to
cause Bureau staff responsible for a violation of the Privacy Act's re-
quirement that all federal agencies records be accurate if used towards
a determination against the person the record identifies.

## RELIEF REQUESTED

That Bureau staff reject the responses by Mr.Knappmeyer as it is
obvious that he has wilfilly mislead Bureau staff in regards to the
information contained in ¶26 of the PSR. Said information violates
Art.I,§9 of the U.S.Const. and violates USSG §1B1.11(a)(b)(1) and is
readily verified that the information subjects Bureau staff to account-
ability under the Privacy Act.
¶ I request that Bureau staff re-calculate my sentence without use of
¶2¶5 That I be immediately released from Bureau custody as the sentence
is now expired.

3

# APPENDIX A - STATUTORY INDEX

## INTRODUCTION

This index specifies the guideline section or sections ordinarily applicable to the statute of conviction. If more than one guideline section is referenced for the particular statute, use the guideline most appropriate for the nature of the offense conduct charged in the count of which the defendant was convicted. If, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted. (See §1B1.2.)

If the offense involved a conspiracy or an attempt, refer to §2X1.1 as well as the guideline for the substantive offense.

For those offenses not listed in this index, the most analogous guideline is to be applied. (See §2X5.1.)

The guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction. (See §1B1.9.)

Historical Note: Effective November 1, 1987. Amended effective November 1, 1989 (see Appendix C, amendments 296 and 297).

## INDEX

| Statute | Guideline |
|---------|-----------|
| 7 U.S.C. § 6 | 2F1.1 |
| 7 U.S.C. § 6b(A) | 2F1.1 |
| 7 U.S.C. § 6b(B) | 2F1.1 |
| 7 U.S.C. § 6b(C) | 2F1.1 |
| 7 U.S.C. § 6c | 2F1.1 |
| 7 U.S.C. § 6h | 2F1.1 |
| 7 U.S.C. § 6o | 2F1.1 |
| 7 U.S.C. § 13(a) | 2F1.1 |
| 7 U.S.C. § 13(b) | 2F1.1 |
| 7 U.S.C. § 13(c) | 2F1.1 |
| 7 U.S.C. § 13(e) | 2F1.2 |
| 7 U.S.C. § 23 | 2F1.1 |
| 7 U.S.C. § 87b | 2N2.1 |
| 7 U.S.C. § 136 | 2Q1.2 |
| 7 U.S.C. § 136j | 2Q1.2 |
| 7 U.S.C. § 136k | 2Q1.2 |
| 7 U.S.C. § 149 | 2N2.1 |

A.1
1991

November 1, 1989

## APPENDIX A

| Statute | Guideline |
|---------|-----------|
| 18 U.S.C. § 876 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 877 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 878(a) | 2A6.1 |
| 18 U.S.C. § 878(b) | 2B3.2 |
| 18 U.S.C. § 879 | 2A6.1 |
| 18 U.S.C. § 892 | 2E2.1 |
| 18 U.S.C. § 893 | 2E2.1 |
| 18 U.S.C. § 894 | 2E2.1 |
| 18 U.S.C. § 911 | 2F1.1, 2L2.2 |
| 18 U.S.C. § 912 | 2J1.4 |
| 18 U.S.C. § 913 | 2J1.4 |
| 18 U.S.C. § 914 | 2F1.1 |
| 18 U.S.C. § 922(a)(1)-(5) | 2K2.3 |
| 18 U.S.C. § 922(a)(6) | 2K2.1 |
| 18 U.S.C. § 922(b)(1)-(3) | 2K2.3 |
| 18 U.S.C. § 922(d) | 2K2.3 |
| 18 U.S.C. § 922(g) | 2K2.1 |
| 18 U.S.C. § 922(h) | 2K2.1 |
| 18 U.S.C. § 922(i) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(j) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(k) | 2K2.3 |
| 18 U.S.C. § 922(l) | 2K2.3 |
| 18 U.S.C. § 922(o) | 2K2.1 |
| 18 U.S.C. § 923 | 2K2.3 |
| | 2K2.4 |
| 18 U.S.C. § 929(a) | 2K2.4 |
| 18 U.S.C. § 930 | 2K2.5 |
| 18 U.S.C. § 1001 | 2F1.1 |
| 18 U.S.C. § 1002 | 2F1.1 |
| 18 U.S.C. § 1003 | 2B5.1, 2B5.2, 2F1.1 |
| 18 U.S.C. § 1004 | 2F1.1 |
| 18 U.S.C. § 1005 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1006 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1007 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1008 | 2F1.1, 2S1.3 |

A.50
[302]

November 1, 1989

1

2

3

4

5

6

7        Pursuant to the Sentencing Reform Act of 1984 and

8   the sentencing guidelines as amended November 1, 1991, it is

9   the judgment of the Court that you be committed to the

10  custody of the Bureau of Prisons to be imprisoned for a term

11  of 252 months, which is 21 years.  Based on your financial

12  profile, it does not appear that you have the ability to pay

13  a fine.  No fine is imposed.

14        Upon release from imprisonment, you shall be placed

15  on supervised release for a term of 5 years.  Within 72 hours

16  of release from the custody of the Bureau of Prisons, you

17  shall report in person to the probation office in the

18  district to which you are released.

19        While on supervised release, you shall not commit

20  any federal, state or local crimes.  You shall comply with

21  the standard conditions of supervised release as recommended

22  by the U.S. Sentencing Commission.  In addition to the

23  standard conditions of supervised release, the following

24  special conditions are imposed.

25        Number one:  You shall at the direction of the

Remedy ID #447638-F1

# Part B-Response

This is in response to your Request for Administrative Remedy wherein you state there are errors in your Presentence Investigation Report (PSI) and indicate that the response for the request for review, sent to the U.S. Probation Office, is false. You indicate that your Case Manager is relying upon the information provided by the U.S. Probation Office and you would like further action on your claim of errors relied upon in your PSI.

The Case Managers are to use the information provided to them from the PSI unless an addendum of the PSI is provided by the U.S. Probation Office. In addition, the administrative remedy process is used to assist inmates in remedying any issues or complaints which have not been rectified by any other means of communication. However, this process cannot provide you with an addendum to your PSI. This addendum must be provided by the U.S. Probation Office and the Federal Bureau of Prisons does not have any authority over U.S. Probation.

The Bureau of Prisons' Operations Memorandum, 068-93 (5320), Maintenance of Inmate Files, references the <u>Seller vs. Bureau of Prisons</u> case, 959 F.2d 307(D.C.Cir.1992). The specific ruling in that case states, "The agency must take responsible steps to maintain the accuracy of the information to ensure fairness to the individual." The Operations Memorandum further states, in a situation like <u>Sellers</u> where the inmate challenged the Presentence Report, Unit staff should not change the report, but should inform the Probation Officer the report has been challenged. If the Probation Officer confirms the information in the report is inaccurate, staff should insert a note to that effect in the file in order to ensure no decisions affecting the inmate are based on the discredited information. Staff should also request an updated Presentence report from the Probation Officer."

A letter, provided by your Case Manager, was sent to the U.S. Probation Office accompanied with your complaint of erroneous information on your Presentence Report. The U.S. Probation Officer replied to your concerns and indicated that your PSI is correct and no changes would be made. Therefore, in accordance with Operations Memorandum, 068-93, we forwarded to the Probation Department your allegations of inaccuracy pertaining to your Presentence Report. We requested they review your allegations and return to us their findings concerning these allegations. They confirmed that the information in the Presentence Investigation is accurate. As indicated above, the Federal Bureau of Prisons does not have the authority to amend your PSI. There will not be any other action into your claim of erroneous information contained in your PSI. Therefore, this response to your request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Gateway Complex, Tower II, 8th Floor, 4th & State Avenue, Kansas City, Kansas 66101. Your appeal must be received within 20 calender days of the date of this response.

4·13·07
_____
Date

_____
R. V. Veach, Warden

EXHIBIT 2  (2 pages)

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

| From: | NEFF,MARK L. | 09244026 | C-2/230 | USPTHA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** I *requested* challenged information in the PSR per P.S.5800.11 and a request was sent to the US Probation Office,to which,a Mr.Knappmeyer responded. His reply is proved false by the attachments I made to the BP-148 that was given to Ms.Ray,Case Mgr. of C-2,requesting that she reject his response. Ms.Ray has decided to rely on the response from Mr.Knappmeyer despite being prove false. This appeal folows.

My issue,if determined to be in error,should result in Unit Team staff iniating Discipline sanctions,BUT,if not,then I am requesting that the reply made by Mr.Knappmeyer be rejected and further review taken by Bureau staff to cause a correction to be made by the proper agency due to Bureau staff relying on inaccurate information that has direct influence on the calculation of my release date from Bureau custody.

This information is readily discernable to be fraudulent[SEE: Attached BP-148] and deals with factual information as opposed to "disagreement with certain information contained in the PSR". SEE:Toolasprashad v Bureau of Prisons,351 U.S.App.D.C.64(D.C.2002)(Reasonable reliance by some employees cannot immunize an agency from the Privacy Act consequences of employeeing other individuals who deliberately falsify records). Mr.Knappmeyer is deliberately making a fraudulent claim that is readily revealed in my BP-148. The information I am challenging is factual[Paragraph 26,PSR,page 6] and is causing an adverse determination to my sentence calculations. This is a 'typical' privacy act claim because the "truth" is "clearly provable". SEE:**SELLERS,** *TX* (959 F.2d at 311). I request further action on my claim.

| DATE 3/26/07 | | SIGNATURE OF REQUESTER |
|---|---|---|

**Part B- RESPONSE**

*see attached*

| DATE | | WARDEN OR REGIONAL DIRECTOR |
|---|---|---|

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

**SECOND COPY: RETURN TO INMATE**    CASE NUMBER: #-441658-11

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT 3/31/07

| DATE | | RECIPIENT'S SIGNATURE (STAFF MEMBER) | |
|---|---|---|---|

USP LVN    PRINTED ON RECYCLED PAPER    BP-229(13)
APRIL 1982

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Admin Remedy Number:**    447638-R1

---

This is in response to your Regional Administrative Remedy Appeal dated April 19, 2007, in which you allege there is inaccurate information in your Pre-sentence Investigation Report (PSIR). You indicate that staff have failed to thoroughly investigate the inaccuracies and request that the discrepancies be corrected.

We have reviewed your appeal and determined the Warden's response thoroughly addresses your concerns. Specifically, on January 11, 2007, staff sent a letter and an attached document from you to the U.S. Probation Office (USPO) in the Central District of Illinois regarding your allegations. A letter dated January 30, 2007, was received from the USPO regarding your claim. As indicated by the USPO, their office has been queried on two separate occasions regarding your allegation, and you should refrain from further correspondence regarding this issue. You had an opportunity to contest the information in your PSIR during your sentencing hearing. Your amended PSIR has been adopted by the Court as written, and the Bureau of Prisons is not at liberty to deviate from the information contained in your PSIR. Staff have taken all measures necessary to address your concern.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

5-21-07
Date

Michael K. Nalley, Regional Director

Exhibit 3 (2 pages)

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: Neff, Mark | 09244-026 | C2 | USP TH |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** USP TERRE HAUTE UNIT STAFF AND USP TERRE HAUTE Warden VEACH relys continues to rely on a fraudulent reply from the US Probation Officer, Daniel Knappmeyer concerning the Presentence report.

I have showed through attached exhibits on my BP-8 and BP-9 that the information in the PSR is inaccurate and the reply from Mr. Knappmeyer is fraudulent and still the information I am challenging is being relied on as accurate and the reply is being treated as true.

As is being freely quoted, SELLERS causes the staff here to be held liable for not ensuring the accuracy of the challenged information when I have showed them that the information is incorrectó

Because I have filed this issue under P.S.5800.11 and the Privacy Act, BOP staff are accountable when they rely on inaccurate information when this information is shown to be obviously incorrect.

My BP-8 and BP-9 shows this to be true and I am requesting that a review be made of my issue and that the reply by Mr. Knappmeyer be rejected as patently false and that the staff here at USP TERRE HAUTE be instructed to ensure the accuracy of the PSR and to take steps to notify the US Probation Officer, Mr. Richard Carroll and Mr. Knappmeyer that their reply is being rejected as false and misleading.

4/19/07
_____         _____
DATE                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

APR 2 3 2007

SEE ATTACHED RESPONS.

MAY 2 2 2007
_____         _____
DATE                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 447638-R1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| SP LVN | DATE | Previous editions not usable | SIGNATURE, RECIPIENT OF REGIONAL APPEAL | BP-230(13) APRIL 1982 |

**Administrative Remedy No. 447638-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you contend your unit team relied upon incorrect
information contained in the Presentence Investigation Report
(PSIR), resulting in decisions having an adverse effect on your
projected release date.  You request staff to contest the
information you have proven to be false.

We have reviewed the entire packet submitted regarding your
appeal, and note you did not provide any information which
specifically identified what information was incorrect and
relied upon by case managers which would have an adverse effect
on your release date.  Secondly, you contend the USPO's response
was incorrect as well.  Again, you did not provide any
information in support of this contention.

Pursuant to Program Statement 5800.11, <u>Inmate Central File</u>,
inmates may challenge the accuracy of information in the central
file, but are required to provide staff with sufficient
information in support of a challenge.  We do not have any
information denouncing our belief staff made reasonable attempts
to corroborate your claims regarding the accuracy of the
information in the PSIR.  Our information indicates staff
considered your concerns and twice submitted inquiries to the
USPO, even though previous results did not apparently favor the
outcome you desired.  We find staff complied with the directives
of Program Statement 5800.11, and lacking specific evidence or
information to the contrary, we do not find any reason to
consider the matter further.

Accordingly, your appeal is denied.

August 7, 2007
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

Exhibit 4 (2 pages)

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: NEFF MARK    09244-026    C-2    USPTH

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL No action has been taken in regards of the PSR containing inaccurate information when I have shown by attached EXHIBITS TO THE BP-8 that the reply from the Prob. Officer, Donald Knappmeyer, is patently false and that BOP Staff have not acted on the information I provided them both in the BP-8. YES, they contacted the Prob. Office, but, they, Unit Team of C2, the Warden Veach, nor the Regional Director, nor Michael K. Nalley, have requested a response from the Prob. Off. since my filing for remedy. Relying on a proven fraudulent response doesn't insulate BOP Staff/employees from liability in their individual capacity. READ SELERS. I request that BOP Staff be required to contact the Prob. Office again to answer to the BP-8's information that shows the reply from the Prob. Officer to be fraudulent and that steps be

DATE ___    SIGNATURE OF REQUESTER ___

Part B—RESPONSE taken to ensure that the information being relied upon for the determination of my release date be accurate in accordance with the law.

5/31/07    Mark Neff
DATE    SIGNATURE OF REQUESTER

RECEIVED
JUN 06 2007
Administrative Remedy Section
Federal Bureau of Prisons

DATE ___

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL
CASE NUMBER: 447638-A1

Part C—RECEIPT
CASE NUMBER: ___

Return to: ___
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: ___

DATE ___    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

UP LVN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PROBATION DIVISION

RICHARD J. CARROLL
Chief U.S. Probation Officer



Please Reply To: Springfield

January 30, 2007

B. Shoemaker
Federal Correctional Complex
4700 Bureau Road South
Terre Haute, Indiana 47802

                    RE:   NEFF, Mark
                          Reg. No. 09244-026

Dear Sir or Madam:

In response to Mr. Neff's claim that Paragraphs 17 and 26 of his Presentence Report come from two different guideline manuals, I have enclosed a photocopy of Section 4G1.4 of the 1990 edition of the Sentencing Guidelines Manual.



As you can see from the enclosures, Mr. Neff has raised the argument before and I have responded on two previous occasions. Please inform Mr. Neff that he should refrain from sending us any further correspondence regarding this issue, as we have previously addressed his concerns.

                    Sincerely,

                    Daniel L. Knappmeyer
                    Supervising U.S. Probation Officer

DLK/mh

Enclosure

                    Exhibit 5

127 U.S. Courthouse
201 South Vine
Urbana 61802-3348
Tel: 217-373-5851
Fax: 217-373-5860

100 N.E. Monroe
Suite 314
Peoria 61602-1051
Tel: 309-671-7031
Fax: 309-671-7231

235 U.S. Courthouse
211 19th Street
Rock Island 61201-8074
Tel: 309-793-5784
Fax: 309-793-5879

108 U.S. Courthouse
600 East Monroe
Springfield 62701
Tel: 217-492-4215
Fax: 217-492-4218

§4B1.3.    **Criminal Livelihood**

If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than 13, unless §3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11.

*Commentary*

*Application Notes:*

1.    *"Pattern of criminal conduct" means planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses.*

2.    *"Engaged in as a livelihood" means that (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (e.g., the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for his criminal conduct).*

*Background:* *Section 4B1.3 implements 28 U.S.C. § 994(i)(2), which directs the Commission to ensure that the guidelines specify a "substantial term of imprisonment" for a defendant who committed an offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income.*

Historical Note:  Effective November 1, 1987. Amended effective June 15, 1988 (see Appendix C, amendment 50); November 1, 1989 (see Appendix C, amendment 269); November 1, 1990 (see Appendix C, amendment 354).

§4B1.4.    **Armed Career Criminal**

(a)    A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.

(b)    The offense level for an armed career criminal is the greatest of:

(1)    the offense level applicable from Chapters Two and Three; or

(2)    the offense level from §4B1.1 (Career Offender) if applicable; or

(3)    (A)    34, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or controlled substance offense, as defined in §4B1.2(1), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a)*; or

(B)    33, otherwise.*

*If §3E1.1 (Acceptance of Responsibility) applies, reduce by 2 levels.

November 1, 1990

Re: NEFF, Mark L.

this offense.   Therefore, the two-point adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 is not warranted.

### Offense Level Computation

The 1990 edition of the Guidelines Manual has been used in this case.

18.  **Base Offense Level:**   The guideline for an 18 U.S.C. § 922(g)(1) offense is found at U.S.S.G. § 2K2.1(a)(2), which provides for a base offense level of 12.

|  | 12 |
|---|---|

19.  **Specific Offense Characteristic:**  Pursuant to U.S.S.G. § 2K2.1(b)(2), if the firearm was stolen or had an altered or obliterated serial number, increase by two levels.   The firearm in this case had an obliterated serial number; therefore, the offense level is increased by two levels.

+2

20.  **Victim-Related Adjustments:**   There is no victim in the instant offense as defined in U.S.S.G. § 3A.  Therefore, no adjustment applies.

0

21.  **Adjustment for Role in the Offense:**   There is no role adjustment in the instant offense as defined in U.S.S.G. § 3B.   Therefore, no adjustment applies.

0

22.  **Adjustment for Obstruction of Justice:**   No adjustments apply under U.S.S.G. § 3C.

0

23.  **Adjusted Offense Level** (Subtotal):

14

24.  **Adjustment for Acceptance of Responsibility:**   The defendant has not demonstrated an affirmative acceptance of responsibility or recognition of personal responsibility for his criminal conduct; therefore, he is not given a two-level reduction pursuant to U.S.S.G. § 3E1.1.

0

25.  **Total Offense Level:**

14

26.  ███████ ███████ **Enhancements:**   Since the defendant is subject to an enhanced sentence under ██████████ ████ █████████ by way of having at least three prior felony convictions, he is an armed career criminal pursuant to ████████████████████.   That section provides for an offense level of 33, pursuant to ████████ ██ ██████████████████.

33

27.  **Total Offense Level After Enhancements:**

33

Mr.Rich Carroll
Chief U.S.Probation Officer
Central District of Illinois
United States District Court
127 U.S.Courthouse
201 South Vine Street
Urbana,IL 61801

Dated: _March 16_ ,2007.


RE: UNITED STATES OF AMERICA V MARK L. NEFF,Docket No.30043-001,
    Challenge to Presentence Report


REQUEST FOR CORRECTION OR AMENDMENT OF PRESENTENCE REPORT
PER PRIVACY ACT REQUEST,5 U.S.C. §552(d)(2),(e)(5),(g)(1)(C)
and (g)(4)


Comes now the Requester,Mark L.Neff(Neff),hereby seeking a correction
or amendment to the Presentence Report(PSR) that was submitted to the U.S.
District Court that was relied upon by the sentencing court in this case.

Neff presented the Bureau of Prisons with a claim that information
contained in the PSR came from a different USSG Manual than the USSG Man-
ual stated to have been used in this case. This request was made per P.S.
5800.11(c).

The contested information is contained in Paragraph 26 of the PSR.
This information caused Neff to be sentenced under 18 U.S.C.§924(e)(1) and
per USSG §4B1.4(b)(3)(B) to a term of imprisonment for 252 months and to
a 5 year term of supervised release. This information has caused an adverse
determination towards Neff's relevent sentencing range authorized by law.
This information continues today to have an adverse effect upon Neff.

Neff has three (3) times submitted a request to Bureau staff and all
three (3) responses were addressed by Supervising U.S.Probation Officer,
Daniel L.Knappmeyer.

The Privacy Act requires that each agency keeping a system of records
must maintain those records with "such accuracy,relevance,...,and com-
pleteness or is reasonably necessary" to assure fairness to an individual.
5 USC §552(e)(5).
If the agency willfully or intentionally fails to maintain records in
such a manner and,as a result,makes a determination adverse to an indivi-
dual,it will be liable to that person for money damages.5 USC §552a(g)(1)
(C) and (g)(4).

## PRESENTENCE REPORT'S PARAGRAPH 26 IS CHALLENGED FOR CORRECTION

Paragraph 26 states:

Chapter Four Enhancements:Since the defendant is subject to an enhanced
sentence under 18 U.S.C.§924(e)(1) by way of having at least three
prior felony convictions,he is an armed career criminal pursuant to

Exhibit 7

U.S.S.G.§4B1.4(a). That section provides for an offense level of 33,pursuant to U.S.S.G. §4B1.4(b)(3)(B).


At Paragraph 17,the PSR states:

The 1990 edition of the <u>Guidelines Manual</u> has been used in this case.


Neff was charged with felon-in-possession of a firearm by indictment on June 20,1991(1990 Guidelines in effect). Thus,although Neff was sentenced in 1994(1993 Guidelines in effect),the U.S.Probation Officer,Kathy Bowman,cited 18 USC §924(e)(1) and USSG §4B1.4(b)(3)(B)(1991 Guidelines) as applicable for determining Neff's sentence. This information was relied on by the sentencing court [twice] in determining that Neff was to be sentenced as an armed career to a term of imprisonment of 252 months.

The responses tendered by Mr.Knappmeyer to Bureau staff had attachments that he claimed came from the 1990 edition of the Sentencing Guidelines Manual that actually are contained in the amended 1991 Guidelines Manual. The responses tendered by Mr.Knappmeyer constitute willful and intentional intent to deceive Bureau staff and Neff as regards the information challenged by Neff.

Attached to this request are EXHIBITS that consists of photocopies from the 1990 USSG Manual that will show the following:

1.  the 1990 USSG Manual's STATUTORY INDEX(APPENDIX-A) does not cite 18 USC §924(e) under the <u>statute</u> column [EXHIBIT 3];

2.  That USSG § 4B1.4 is not listed in Chapter Four,Section B of the 1990 USSG Manual [EXHIBIT 2] and that it is not listed in the STATUTORY INDEX [EXHIBIT 3];

3.  That the coverpage sent by Mr.Knappmeyer alleged to be the 1990 USSG is,in fact,the coverpage to the amended 1991 Manual [EXHIBIT 1]; and

4.  That Mr.Knappmeyer's claim that only the 1990 Manual was used is a materially false statement [EXHIBIT 4].

Because the Sentencing Court relied upon the "materially false" information contained in the PSR that was foundational in determining Neff's sentence,Neff seeks a correction of the PSR at Paragraph 26. <u>SEE:Townsend V. Burke</u>,334 US 736,741,92 L.Ed.1690,68 S.Ct.1252(1948).

As EXHIBIT 5,I have included all three (3) responses from Mr.Knappmeyer with the attachments he posted with the response made on January 30,2007. A comparission with EXHIBITS 1-4 decidedly show that Mr.Knappmeyer engaged in willful and intentional conduct meant to deceive Bureau staff and Neff as to the accuracy of the information contained in Paragraph 26 and that Neff's challenge that the information contained in Paragraph 26 does,in fact,come from a different USSG Manual and not from the 1990 USSG Manual.

<u>CONCLUSION</u>

2

This request is made for correction of the PSR's Paragraph 26 and to have said information removed due the information having no relevancy to the 1990 USSG Manual,wherefore,having no relevancy to the determination of Neff's sentencing range. That said information is attributed in error and to effectively correct the PSR in order to having the record be in accord with the requirements of the Privacy Act.

If no correction or amending of the PSR is forthcoming,Neff request that appeal procedures be stated for review of denial to correct the PSR as challenged.

RESPECTFULLY SUBMITTED,

Mark L.Neff,09274-026
USP Terre Haute
P.O.Box 12015
Terre Haute,IN 47801

cc: file

3

EXHIBITS

EXHIBIT 1--Coverpages from the 1990 and 1991 USSG Manuals,2 pages;

EXHIBIT 2--1990 USSG Manual's Chapter Four,Section B [2 pages] and
           1991 USSG Manual's Chapter Four,Section B [1 page][Attach-
           ment by Mr.Knappmeyer to Jan.30,2007 response];

EXHIBIT 3--1990 USSG Manual's STATUTORY INDEX(APPENDIX-A),2 pages;

EXHIBIT 4--Page 24 from August 5,1994 Sentencing Transcript,1 page;

EXHIBIT 5--3 response letters sent to Bureau staff dated Oct.5,2006,
           Oct.16,2007 and January 30,2007,[Jan.30,2007 response has
           attached the photocopies provided by Mr.Knappmeyer],Letter
           sent by Bureau staff dated January 11,2007[with attached
           request made by Neff for challenge to the PSR],total number
           pages to this exhibit are 8 pages.

# FEDERAL
# SENTENCING GUIDELINES
# MANUAL

---

## 1990 EDITION

## UNITED STATES SENTENCING
## COMMISSION

## Effective November 1, 1987

*Including*

**November 1, 1989 Amendments to Guidelines
— With Highlights Feature —
Revised Sentencing Worksheets
Criminal Rule Amendments
Table of Cases Applying Guidelines
Revised Model Sentencing Forms**

*The publisher will provide updated revisions
of the Federal Sentencing Guidelines, Official
Commentaries, and other related materials as
issued.*

### ST. PAUL, MINN.
### WEST PUBLISHING CO.
### 1989

Exhibit 1

# UNITED
# STATES
# SENTENCING
# COMMISSION
# GUIDELINES MANUAL



EXHIBIT 7

## SENTENCING GUIDELINES

### Criminal Livelihood

If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than 13, unless §3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11.

#### Commentary

*Application Notes:*

1. *"Pattern of criminal conduct" means planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses.*

2. *"Engaged in as a livelihood" means that (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law (currently 2,000 times the hourly minimum wage under federal law is $6,700), and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (i.e., the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for his criminal conduct).*

*Background: Section 4B1.3 implements 28 U.S.C. § 994(i)(2), which directs the Commission to ensure that the guidelines specify a substantial term of imprisonment for a defendant who committed an offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income.*

Historical Note: Effective November 1, 1987. Amended effective June 15, 1988 (see Appendix C, amendment 50); November 1, 1989 (see Appendix C, amendment 269).

439
[233]

November 1, 1989

EXHIBIT 2

## TABLE OF CASES

3E1.1 comment—704 F.Supp. 475
3E1.1 comment—704 F.Supp. 1293

CHAPTER FOUR: CRIMINAL HISTORY AND CRIMINAL LIVELIHOOD

**Part A:  Criminal History**
4A comment—873 F.2d 765
4A1.1—872 F.2d 597
4A1.1—874 F.2d 43
4A1.1—874 F.2d 466
4A1.1—875 F.2d 1110
4A1.1—691 F.Supp. 656
4A1.1—691 F.Supp. 2096
4A1.1—708 F.Supp. 460
4A1.1—712 F.Supp. 905
4A1.1(a)—708 F.Supp. 1064
4A1.1(b)—868 F.2d 683
4A1.1(c)—877 F.2d 261
4A1.1(d)—529 F.2d 810
4A1.1(d)—710 F.Supp. 305
4A1.1(d)—711 F.Supp. 795
4A1.1(d)—716 F.Supp. 1272
4A1.1(e)—877 F.2d 275
4A1.1(e)—879 F.2d
4A1.1(e)—710 F.Supp. 319
4A1.1 et seq.
4A1.1 et seq.
4A1.1 et seq.
4A1.1 et seq.
4A1.1 et seq.
4A1.1 et seq.—709 F.Supp. 323
4A1.1 comment—868 F.2d
4A1.1 comment—874 F.2d 1110
4A1.1 comment—874 F.2d 1810
4A1.2—868 F.2d
4A1.2—879 F.2d
4A1.2—694 F.Supp. 2096
4A1.2—708 F.Supp. 460
4A1.2(e)(2)—875 F.2d 1110
4A1.2(e)(2)—877 F.2d 543
4A1.2(e)(3)—881 F.2d 588
4A1.2(e)—868
4A1.2(e)(1)—868 F.2d
4A1.2(e)(2)—868 F.2d
4A1.2(e)(2)—868 F.2d 518
4A1.2 comment—868 F.2d
4A1.2 comment—709 F.Supp. 987
4A1.2 comment—875 F.2d 1110
4A1.3—868 F.2d 22
4A1.3—868 F.2d 54
4A1.3—869 F.2d 54
4A1.3—871 F.2d 518
4A1.3—872 F.2d 597
4A1.3—873 F.2d 765

3E1.1 note—880 F.2d 612
3E1.2—872 F.2d 361

4A1.3—874 F.2d 43
4A1.3—874 F.2d 466
4A1.3—875 F.2d 43
4A1.3—877 F.2d 361
4A1.3—878 F.2d 50
4A1.3—879 F.2d 184
4A1.3—694 F.Supp. 1488
4A1.3—706 F.Supp. 331
4A1.3—712 F.Supp. 905
4A1.3—712 F.Supp. 1488
4A1.3(a)—694 F.Supp. 1488
4A1.3(b)—868 F.2d
4A1.3(c)—879 F.2d
4A1.3(c)—868 F.2d
4A1.3(d)—869 F.2d 54
4A1.3(d)—874 F.2d 466
4A1.3(e)—868 F.2d 22
4A1.3(e)—874 F.2d 466
4A1.3(f)—874 F.2d 466
4A1.3 comment—712 F.Supp.

4B1.1—835 F.2d 1195
4B1.1—873 F.2d 495
4B1.1—873 F.2d 709
4B1.1—875 F.2d 44
4B1.1—875 F.2d 1110
4B1.1—881 F.2d 455
4B1.1—881 F.2d 504
4B1.1—694 F.Supp. 1488
4B1.1—708 F.Supp. 460
4B1.1—875 F.2d
4B1.1—F.Supp.
4B1.2—704 F.Supp. 2096
4B1.2—715 F.Supp. 261
4B1.3—875 F.2d 1110
4B1.4—881 F.2d
4B1.4—875 F.2d

CHAPTER FIVE: DETERMINING THE SENTENCE

**Part A:  Sentencing Table**
5A Sentencing Table—858 F.2d 982
5A Sentencing Table—865 F.2d 935
5A Sentencing Table—866 F.2d 854
5A Sentencing Table—867 F.2d 922
5A Sentencing Table—868 F.2d
5A Sentencing Table—868 F.2d 1426

5A Sentencing Table
5A Sentencing Table
5A Sentencing Table
5A Sentencing Table
5A Sentencing Table
5A Sentencing Table

EXHIBIT 2

§4B1.3.    **Criminal Livelihood**

> If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than 13, unless §3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11.

*Commentary*

*Application Notes:*

1.    *"Pattern of criminal conduct" means planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses.*

2.    *"Engaged in as a livelihood" means that (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (e.g., the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for his criminal conduct).*

*Background:    Section 4B1.3 implements 28 U.S.C. § 994(i)(2), which directs the Commission to ensure that the guidelines specify a "substantial term of imprisonment" for a defendant who committed an offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income.*

Historical Note:   Effective November 1, 1987. Amended effective June 15, 1988 (see Appendix C, amendment 50); November 1, 1989 (see Appendix C, amendment 269); November 1, 1990 (see Appendix C, amendment 354).

§4B1.4.    **Armed Career Criminals**

(a)    A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.

(b)    The offense level for an armed career criminal is the greatest of:

(1)    the offense level applicable from Chapters Two and Three; or

(2)    the offense level from §4B1.1 (Career Offender) if applicable; or

(3)    (A)    34, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or controlled substance offense, as defined in §4B1.2(1), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a)*; or

(B)    33, otherwise.*

*If §3E1.1 (Acceptance of Responsibility) applies, reduce by 2 levels.

4.13
EXHIBIT 2

November 1, 1990

## APPENDIX A – STATUTORY INDEX

### INTRODUCTION

This index specifies the guideline section or sections ordinarily applicable to the statute of conviction. If more than one guideline section is referenced for the particular statute, use the guideline most appropriate for the nature of the offense conduct charged in the count of which the defendant was convicted. If in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted. (See §1B1.2.)

If the offense involved a conspiracy or an attempt, refer to §2X1.1 as well as the guideline for the substantive offense.

For those offenses not listed in this index, the most analogous guideline is to be applied. (See §2X5.1.)

The guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction. (See §1B1.9.)

Historical Note: Effective November 1, 1987. Amended effective November 1, 1989 (see Appendix C, amendments 296 and 297).

### INDEX

| Statute | Guideline |
|---|---|
| 7 U.S.C. § 6 | 2F1.1 |
| 7 U.S.C. § 6b(A) | 2F1.1 |
| 7 U.S.C. § 6b(B) | 2F1.1 |
| 7 U.S.C. § 6b(C) | 2F1.1 |
| 7 U.S.C. § 6c | 2F1.1 |
| 7 U.S.C. § 6h | 2F1.1 |
| 7 U.S.C. § 6o | 2F1.1 |
| 7 U.S.C. § 13(a) | 2B1.1 |
| 7 U.S.C. § 13(b) | 2F1.1 |
| 7 U.S.C. § 13(c) | 2F1.1 |
| 7 U.S.C. § 13(e) | 2F1.2 |
| 7 U.S.C. § 23 | 2F1.1 |
| 7 U.S.C. § 87b | 2N2.1 |
| 7 U.S.C. § 136 | 2Q1.2 |
| 7 U.S.C. § 136j | 2Q1.2 |
| 7 U.S.C. § 136k | 2Q1.2 |
| 7 U.S.C. § 149 | 2N2.1 |

November 1, 1989

EXHIBIT 3

## APPENDIX A

| Statute | Guideline |
|---|---|
| 18 U.S.C. § 876 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 877 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 878(a) | 2A6.1 |
| 18 U.S.C. § 878(b) | 2B3.2 |
| 18 U.S.C. § 879 | 2A6.1 |
| 18 U.S.C. § 892 | 2E2.1 |
| 18 U.S.C. § 893 | 2E2.1 |
| 18 U.S.C. § 894 | 2E2.1 |
| 18 U.S.C. § 911 | 2F1.1, 2L2.2 |
| 18 U.S.C. § 912 | 2J1.4 |
| 18 U.S.C. § 913 | 2J1.4 |
| 18 U.S.C. § 914 | 2F1.1 |
| 18 U.S.C. § 922(a)(1)-(5) | 2K2.3 |
| 18 U.S.C. § 922(a)(6) | 2K2.1 |
| 18 U.S.C. § 922(b)(1)-(3) | 2K2.3 |
| 18 U.S.C. § 922(d) | 2K2.3 |
| 18 U.S.C. § 922(g) | 2K2.1 |
| 18 U.S.C. § 922(h) | 2K2.1 |
| 18 U.S.C. § 922(i) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(j) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(k) | 2K2.3 |
| 18 U.S.C. § 922(l) | 2K2.3 |
| 18 U.S.C. § 922(n) | 2K2.1 |
| 18 U.S.C. § 923 | 2K2.3 |
| 18 U.S.C. § 929(a) | 2K2.4 |
| 18 U.S.C. § 930 | 2K2.3 |
| 18 U.S.C. § 1001 | 2F1.1 |
| 18 U.S.C. § 1002 | 2F1.1 |
| 18 U.S.C. § 1003 | 2B5.1, 2B5.2, 2F1.1 |
| 18 U.S.C. § 1004 | 2F1.1 |
| 18 U.S.C. § 1005 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1006 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1007 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1008 | 2F1.1, 2S1.3 |

§3021                                              November 1, 1989

EXHIBIT 3

1  [illegible] pattern

2  [illegible]

3  [illegible]

4  [illegible]

5  [illegible]

6  [illegible]

7      Pursuant to the Sentencing Reform Act of 1984 and

8  the sentencing guidelines as amended November 1, 1991, it is

9  the judgment of the Court that you be committed to the

10  custody of the Bureau of Prisons to be imprisoned for a term

11  of 252 months, which is 21 years.  Based on your financial

12  profile, it does not appear that you have the ability to pay

13  a fine.  No fine is imposed.

14      Upon release from imprisonment, you shall be placed

15  on supervised release for a term of 5 years.  Within 72 hours

16  of release from the custody of the Bureau of Prisons, you

17  shall report in person to the probation office in the

18  district to which you are released.

19      While on supervised release, you shall not commit

20  any federal, state or local crimes.  You shall comply with

21  the standard conditions of supervised release as recommended

22  by the U.S. Sentencing Commission.  In addition to the

23  standard conditions of supervised release, the following

24  special conditions are imposed.

25      Number one:  You shall at the direction of the

EXHIBIT 4



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Complex*
*4700 Bureau Road South*
*Terre Haute, Indiana 47802*

January 11, 2007

Mr. Rich Carroll,
Chief U.S. Probation Officer
Central District of Illinois
United States District Court
127 U.S. Courthouse
201 South Vine Street
Urbana, IL 61801

RE: NEFF, Mark
Reg. No. 09244-026
Docket No. CR 91-30043-01

Dear Mr. Carroll:

The above named individual was sentenced in the Central District of Illinois, on August 5, 1994, to a 252-month sentence for Possession of a Firearm by a Felon. He is currently incarcerated at USP Terre Haute, IN.

Inmate Neff has brought it to our attention that his pre-sentence investigation may be incorrect. Specifically, he indicates that the information on page 6, paragraphs 17 and 26, comes from two separate USSG Manuals. Included with this letter is a document prepared by inmate Neff stating what he believes is incorrect in his pre-sentence investigation.

The Federal Bureau of Prisons is obligated to take reasonable steps to ensure that inmates' file material is correct. Inmate Neff has brought the above to our attention, therefore we are inquiring about any changes that may be needed. We request that you review the attached information and advise us if you believe changes are warranted and/or are forthcoming. We appreciate your time in assisting us with this matter.

Sincerely,

B. Shoemaker
Unit Manager

EXHIBIT 5 (8 pages)

BP-S148.055
SEP 98

**INMATE REQUEST TO STAFF** CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: January, 11, 2007 |
|---|---|
| Unit Manager,Unit C-2 | |
| FROM: Neff,Mark L. | REGISTER NO.: 09244-026 |
| WORK ASSIGNMENT: Unassigned | UNIT: C-2,cell #230/upper |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

This request for challenge of information is pursuant to P.S.5800.11(c).
The PSR contains information on Page 6[¶'s 17 & 26] that come from two
(2) separate USSG Manuals in violation of Art.1,§9 of the US Const. and
USSG §1.B1.11(b)(1)(2).

I request that an inquiry be made to the address provided on the attached
page for resolution to this challenge and that I be provided a copy of the
Memorandum and attachments that were sent by mail or fax to the address
provided,as instructed per P.S.5800.11(c).

Thank you *Mark L. Neff*

(Do not write below this line)

DISPOSITION:




| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Attachment to BP-S148.055 INMATE REQUEST TO STAFF
Neff,Mark L.,#09244-026
*Neff. Mark L.*
Agency to contact: Richard J.Carroll,Chief Probation Officer
108 US Courthouse
100 E.Monroe St.,Suite 108
Springfield,IL 62701


I am challenging the accuracy of the Presentence Report(PSR) pursuant to
P.S.5800.11(c),INMATE CHALLENGE TO INFORMATION.

1.  The PSR contains information from two (2) separate Guidelines Manuals
in violation of Art.1,§9 of the US Const. and USSG §1B1.11(b)(1)(2).

2.  Page 6,¶17 of the PSR states that the 1990 USSG Manual was used in
    this case.

3.  At ¶26,under CHAPTER FOUR ENHANCEMENTS,the PSR lists 18 USC §924(e)(1)
    and USSG §4B1.4(b)(3)(B) as applicable in determining the sentence.

                              CHALLENGE
1.  The information listed in ¶26 is challenged that neither statutory or
    Guideline cite is contained within the 1990 USSG Manual's STATUTORY
    INDEX(APP-A) as listed in ¶26.


               REQUIRED DOCUMENTATION FOR RESPONSE

1.  Response be made pursuant to Title 28 USC §1746;
2.  Copy of the 1990 USSG Manual's STATUTORY INDEX(APP-A); and
3.  Portion of Sentencing Transcript related to imposition of sentence.



cc: Unit Manager,Unit C-2
    file

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PROBATION DIVISION



RICHARD J. CARROLL
Chief U.S. Probation Officer

Please Reply To: Springfield

January 30, 2007

B. Shoemaker
Federal Correctional Complex
4700 Bureau Road South
Terre Haute, Indiana 47802

                    RE:  NEFF, Mark
                    Reg. No. 09244-026

Dear Sir or Madam:

In response to Mr. Neff's claim that Paragraphs 17 and 26 of his
Presentence Report come from two different guideline manuals, I
have enclosed a photocopy of Section 4G1.4 of the 1990 edition of
the Sentencing Guidelines Manual.



As you can see from the enclosures, Mr. Neff has raised the
argument before and I have responded on two previous occasions.
Please inform Mr. Neff that he should refrain from sending us any
further correspondence regarding this issue, as we have previously
addressed his concerns.

                    Sincerely,

                    Daniel L. Knappmeyer
                    Supervising U.S. Probation Officer

DLK/mh

Enclosure

---

### EXHIBIT 4

---

127 U.S. Courthouse
201 South Vine
Urbana 61802-3348
Tel: 217-373-5851
Fax: 217-373-5860

100 N.E. Monroe
Suite 314
Peoria 61602-1051
Tel: 309-671-7031
Fax: 309-671-7231

235 U.S. Courthouse
211 19th Street
Rock Island 61201-8074
Tel: 309-793-5784
Fax: 309-793-5879

108 U.S. Courthouse
600 East Monroe
Springfield 62701
Tel: 217-492-4215
Fax: 217-492-4218

§4B1.3.    **Criminal Livelihood**

If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than 13, unless §3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11.

### *Commentary*

*Application Notes:*

1.  *"Pattern of criminal conduct" means planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses.*

2.  *"Engaged in as a livelihood" means that (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (e.g., the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for his criminal conduct).*

*Background: Section 4B1.3 implements 28 U.S.C. § 994(i)(2), which directs the Commission to ensure that the guidelines specify a "substantial term of imprisonment" for a defendant who committed an offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income.*

Historical Note: Effective November 1, 1987. Amended effective June 15, 1988 (see Appendix C, amendment 50); November 1, 1989 (see Appendix C, amendment 269); November 1, 1990 (see Appendix C, amendment 354).

§4B1.4.    **Armed Career Criminal**

(a)    A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.

(b)    The offense level for an armed career criminal is the greatest of:

(1)    the offense level applicable from Chapters Two and Three; or

(2)    the offense level from §4B1.1 (Career Offender) if applicable; or

(3)    (A)    34, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or controlled substance offense, as defined in §4B1.2(1), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a)*; or

(B)    33, otherwise.*

*If §3E1.1 (Acceptance of Responsibility) applies, reduce by 2 levels.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PROBATION DIVISION



RICHARD J. CARROLL
Chief U.S. Probation Officer

Please Reply To: Springfield

October 16, 2006

Mr. Mark L. Neff
Reg. No 09244-026
FCI - Greenville
100 U.S. Route 40 & 4th Street
P.O. Box 4000
Greenville, Illinois 62246

                        RE:   RESPONSE TO LETTER DATED
                              OCTOBER 10, 2006

Dear Mr. Neff:

Unfortunately, you are mistaken.  I have enclosed photo copies from
the 1990 edition of the Sentencing Guidelines Manual, which clearly
shows that the Armed Career Criminal Enhancement was in effect at
the time your Presentence Report was written.

                        Sincerely,

                        Daniel L. Knappmeyer
                        Supervising U.S. Probation Officer

DLK/mh

Enclosure

cc:  Marta Santiago
     Case Manager

---

127 U.S. Courthouse
201 South Vine
Urbana 61802-3348
Tel: 217-373-5851
Fax: 217-373-5860

100 N.E. Monroe
Suite 314
Peoria 61602-1051
Tel: 309-671-7031
Fax: 309-671-7231

235 U.S. Courthouse
211 19th Street
Rock Island 61201-8074
Tel: 309-793-5784
Fax: 309-793-5879

108 U.S. Courthouse
600 East Monroe
Springfield 62701
Tel: 217-492-4215
Fax:  217-492-4218

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PROBATION DIVISION

RICHARD J. CARROLL
Chief U.S. Probation Officer



Please Reply To: Springfield

October 5, 2006

Mr. Mark L. Neff
Reg. No 09244-026
FCI - Greenville
100 U.S. Route 40 & 4th Street
P.O. Box 4000
Greenville, Illinois 62246

RE:    CHALLENGE TO PRESENCE REPORT

Dear Mr. Neff:

I am writing in regard to your request for correction to your Presentence Report prepared in 1994.  You stated in your request that the Armed Career Criminal enhancement is not found in the 1990 edition of the Sentencing Guidelines Manual.  I'm not sure where you obtained your information for this argument.  I have enclosed a photocopy of this section, which was taken from the 1990 edition of the Sentencing Guidelines Manual.  This page clearly shows that your argument is incorrect.

Sincerely,

Daniel L. Knappmeyer
Supervising U.S. Probation Officer

DLK/mh

Enclosure

cc:  Marta Santiago
     Case Manager

---

127 U.S. Courthouse
201 South Vine
Urbana 61802-3348
Tel: 217-373-5851
Fax: 217-373-5860

100 N.E. Monroe
Suite 314
Peoria 61602-1051
Tel: 309-671-7031
Fax: 309-671-7231

235 U.S. Courthouse
211 19th Street
Rock Island 61201-8074
Tel: 309-793-5784
Fax: 309-793-5879

108 U.S. Courthouse
600 East Monroe
Springfield 62701
Tel: 217-492-4215
Fax: 217-492-4218