UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK L. NEFF, ) | |
| ) | |
| Plaintiff pro se, ) | C. A. No.: 07-1672 (RCL) |
| ) | |
| v. ) | |
| ) | |
| BUREAU OF PRISONS, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPPOSITION TO MOTION TO DISMISS**

Defendants Bureau of Prisons ("BOP"), Richard Carroll, Daniel Knappmeyer, Ms. Ray, R.V. Veach, Michael K. Nalley, and Harrell Watts, by and through undersigned counsel, hereby provide the following reply to plaintiff's opposition to defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Simply, plaintiff has failed to respond to defendants' arguments that he fails to state a claim under a *Bivens* theory of law; that BOP has properly taken steps to assure accuracy of information in Plaintiff's PSR; and that the BOP Inmate Central Records System is exempt from amendment under the Privacy Act. Defendants' motion should, therefore, be granted, and plaintiff's complaint should be dismissed for the reasons previously stated.

Plaintiff alleges that the individually named defendants intentionally declined to correct false information contained in his pre-sentence report (PSR). This allegation does not set forth any constitutionally protected rights, and should be brought under the Privacy Act, and not as a *Bivens* case. The individually named defendants should be dismissed from the case for failing to

state a claim against them under *Bivens*. See *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 US 388 (1971).

If the Court construes this matter as a Privacy Act claim, it should still be dismissed as plaintiff has failed to set forth any violations of the Privacy Act. The BOP took reasonable steps to assure the accuracy of the information contained in plaintiff's PSR. By contacting the Probation Office where plaintiff's case was assigned, the BOP satisfied the *Sellers* requirement of taking reasonable steps to assure the accuracy of the records maintained by the BOP. See *Sellers v. Federal Bureau of Prisons*, 959 F2d 307, 312. (D.D.C. 1992). In fact, Plaintiff can neither receive money damages or amendment of his records through an action filed under the Privacy Act. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C.Cir. 2006).

Respectfully submitted,

\_\_\_/s\_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

\_\_/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C. 20530
(202) 514-7236

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK L. NEFF, )<br>)<br>　　　Plaintiff pro se, )<br>)<br>v. )<br>)<br>BUREAU OF PRISONS, et al. )<br>)<br>　　　Defendants. )<br>)<br>_____ ) | C. A. No.: 07-1672 (RCL) |

## ORDER

**UPON CONSIDERATION** of defendants' motion to dismiss, plaintiff's opposition and defendants' reply it is hereby **ORDERED** that the motion is **GRANTED**, and that plaintiff's complaint is dismissed with prejudice.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated: _____, 2008.