UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK L. NEFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1672 (RCL) |
| ) | |
| BUREAU OF PRISONS et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Mark L. Neff, filed this *pro se* complaint, alleging that the Bureau of Prisons ("BOP") and several of its employees violated his rights under the Privacy Act, 5 U.S.C. § 552a. He seeks declaratory relief and money damages. The defendants have filed a motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief may be granted. Plaintiff has filed an opposition to the motion. Because this Court does not have jurisdiction over the claims asserted, the motion to dismiss will be granted.[1]

### Background

The plaintiff expressly filed this complaint "under 5 U.S.C. § 552a(g)(1)(A)." Compl. at 2. The complaint alleges that the defendant Bureau of Prisons and several individual employees "willfully declined" plaintiff's repeated requests to correct an error in his pre-sentence report ("PSR"). *Id.*. at 2-3.[2] Specifically, the complaint alleges that the U.S. Sentencing

---

[1] Plaintiff's pending motion for appointed counsel will also be denied.

[2] Although it is immaterial to the result, the complaint does not make clear whether the plaintiff meant to bring this Privacy Act suit against the individuals in their official or individual capacities, or both. None of the individual defendants were served in their individual capacities, and this Court does not have personal jurisdiction over them.

-2-

Guidelines 1990 Manual applies to the plaintiff, but that § 4B1.4 of the 1991 Manual was incorrectly used in his PSR. Defendants dispute the accuracy of plaintiff's allegations, but argue that in any case plaintiff has no right of action with respect to either the BOP or the individual defendants.[3] *See* Defs.' Mot. to Dismiss at 3-4.

## Discussion

The United States of America and its executive agencies, including the Justice Department's BOP, enjoy immunity from suit unless the United States has expressly consented to suit. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). By enacting 5 U.S.C. § 552a(g) of the Privacy Act, the United States consented to be sued in situations where that provision applies, and the plaintiff has brought this suit for declaratory relief and damages under that provision. Compl. at 2. The Privacy Act, however, does not afford an individual a right to sue any defendant with respect to information contained in the BOP's Inmate Central Record System. This is so because a federal regulation, which has the force of law, expressly exempts the BOP's Inmate Central Record System from 5 U.S.C. § 552a(g), the Privacy Act's provision for suit. *See* 28 C.F.R. § 16.97(a)(4) (exempting the Inmate Central Record System from the provisions of 5 U.S.C. § 552a(g), among other provisions of the Privacy Act). The PSR that plaintiff contends is inaccurate is maintained as part of the BOP's Inmate Central Record System. *See* Decl. of Brandi Ray, Jan. 16, 2008, Att. 1 ("Program Statement 5800.11, Inmate Central File, Privacy Folder and Mini-Files" referring to

---

[3] While it is legally irrelevant to this decision, the Court's examination of § 4B1.4 in the 1990 Manual and the 1991 Manual show no differences between the two versions. Moreover, each of these Manuals states that § 4B1.4 took effect on November 1, 1990.

-3-

the maintenance of the PSR); *see also, e.g., Brown v. BOP,* 498 F. Supp. 2d 298, 302 ("An inmate's Central File is part of the BOP's central records system, and contains a complete copy of the PSR, which is received from the sentencing court and maintained in the ordinary course of business in the central record system.") (internal quotation marks, alterations, and citation omitted). Thus, plaintiff's arguments notwithstanding, *see* Pl.'s Opp'n at 1, 3, the Privacy Act does not afford him a right of action either against the BOP, as a federal agency, or against any individuals with respect to the these records. *See Ramirez v. Dep't of Justice*, - - F. Supp. 2d - - , 2009 WL 222973, *3 (D.D.C. Jan. 30, 2009) (explaining that the Privacy Act authorizes suits against agencies of the federal government only, and not against any officers or employees of an agency.)

**Conclusion**

Because the plaintiff does not have a right of action under the Privacy Act with respect to records maintained by the BOP in its Inmate Central Record System, this Court has no subject matter jurisdiction over this suit, and the case will be dismissed. A separate final order accompanies this memorandum opinion.

Date: March 5, 2009

/s/
ROYCE C. LAMBERTH
Chief Judge